CASE 59—APPLICATION FOR TAVERN LICENSE—DECEMBER 10.

## Burnside v. Lincoln County Court.

APPEAL FROM LINCOLN CIRCUIT COURT.

1. CONSTITUTIONAL LAW—TITLE OF ACT.—If all of the provisions of an act of the Legislature relate to the same subject, are naturally connected, and are not foreign to the subject expressed in the title, this

is all that is required as to the body of the act in order to comply with section 37 of article 2 of the Constitution.

2. SAME.—The subject of an act of the Legislature which authorizes a submission to the voters of Lincoln county of the question whether the sale of liquor shall be prohibited therein, and provides that if a majority of them vote in favor of the prohibition, the sale shall be unlawful, etc., is sufficiently expressed in the title: "An act to authorize the people of Lincoln county to vote on prohibiting the sale of liquors, and fixing the penalty for the sale of liquors in said county."

3. SUBMISSION OF ACT TO VOTERS.—An act of the Legislature relating to a county may be submitted to its voters for the purpose of determining whether they will accept its provisions.

4. PROHIBITORY LIQUOR LAW.—The owner of property acquires and holds his property subject to the right of the Legislature, under the police power, to control it whenever the public peace, the public morals, or the public health is involved. Therefore, theLegislature may not only regulate but restrict the retail liquor traffic.

5. SAME.—One can not be heard to say that a law is invalid and unconstitutional upon a ground which in no way affects his rights.

One who is seeking to obtain the privilege of selling liquor by retail, or as a beverage, can not question the constitutionality of the law which denies him that privilege, upon the ground that it forbids the sale of liquor even for religious or medicinal purposes, as prescriptions are not filled in bar-rooms, nor the communion table [supplied from such places.

R. C. WARREN, WELCH & SAUFLEY AND W. H. MILLER FOR APPELLANT.

1. "An act to authorize the people of Lincoln county to vote on prohibiting the sale of liquors, and fixing the penalty for the sale of liquors in said county," is in violation of sec. 37, art. 2, of the State Constitution."

2. To forbid the sale of liquor for *all* purposes is the exercise of an arbitrary power, and unconstitutional. (Cooley's Const. Lim., 577, 593; Sedgwick, 438, 439; Sarles v. Commonwealth, 83 Ky., 327.)

3. An act constitutional in part and unconstitutional in part, but not severable, is wholly unconstitutional. (Cooley's Con. Lim., 178; Gayle v. Owen Co. Court, 83 Ky., 61.)

W. O. BRADLEY AND WM. HERNDON FOR APPELLEE.

1. An act of the Legislature is not unconstitutional under sec. 37, art. 2, when the title is a general suggestion of the subject-matter, and all the provisions of the act refer to that general subject and have a natural connection therewith. (Works v. Brown, 13 Bush, 681.)

2. That the penalty for selling under the local option act is greater than that under the general law does not invalidate it. (Griffith v. Commonwealth, 6 Ky. Law Rep., 300.)

3. The question of the unconstitutionality of a law can be raised only by one directly affected thereby. (Cooley's Const. Lim., chap. 7, p. 164; Commonwealth v. Wright, 79 Ky., 22; Marshall v. Donovan, 10 Bush, 681.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The application of the appellant, E. H. Burnside, to the Lincoln County Court for "a tavern license, with the privilege of *retailing* liquor," was rejected upon the ground that it was absolutely forbidden by the act of the Legislature, approved April 14, 1886, and entitled "An act to authorize the people of Lincoln county to vote on prohibiting the sale of liquors, and fixing the penalty for the sale of liquors in said county." (Acts of 1885-6, vol. 1, p. 1400.)

The circuit court, upon appeal, affirmed this ruling in so far as it denied the privilege of retailing spirituous liquors; and doubtless in doing so was controlled by the same reason that influenced the lower court. We are now asked upon several grounds to declare the law unconstitutional.

Section 37 of article 2 of the Constitution provides: "No law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title," and it is claimed that in this instance this provision of the organic law has been disregarded.

It is well settled that legislation will not be declared unconstitutional by the judiciary, if it be merely of doubtful character in this respect. It must be clearly violative of the fundamental law to authorize the exercise of such power.

The first and second sections of this act authorize a submission to the voters of Lincoln county of the question whether the sale of liquor shall be prohibited therein, and provide how the vote shall be taken. The third section declares that if a majority of them vote in favor of it, "then it shall be unlawful from and after the entry of the result of said election in the order book of the clerk's office, for any person or persons to sell spirituous, vinous or malt liquors in said county: *Provided*, that any person or persons who may, at the time of said election, have license to sell liquor as a beverage, may continue to do so until the expiration of the time for which the license was given." The fourth, fifth and sixth sections declare the sale a misdemeanor, if the provisions of the act are accepted by the voters; provide a penalty and the mode of enforcing it; and for a second vote if the law be not accepted by the first one. This is all of it. All of its provisions relate to the same subject; are naturally connected, and are not foreign to the subject expressed in the title. This is all that is required as to the body of the act. (Phillips v. Covington Bridge Co., 2 Met., 222.)

It is said, however, that the title does not sufficiently express the *subject or object* of the act; indeed, that it does not do so at all, and that the law is masquerading under a false name. It, however, states that it is an act to authorize the voters of the county "to vote on *prohibiting* the sale of liquor," and that it is also one fixing the penalty for a sale in violation thereof. The act relates to nothing else. Certainly the reading of the title would inform the hearer of the entire nature

of the law; and this was the object of the constitutional provision above cited. It was to guard against improvident legislation. It could not well be supposed by any one that an act so entitled, provided only for a vote by way of direction or advice as to future legislation upon the subject. The purpose of the body of the act is to forbid the sale of liquor in the county; and it is apparent that the most ordinary legislator in experience and understanding would have understood from the reading of the title that it related to prohibiting such sale, and a vote by the people as to the adoption of its provisions. In the case of Gayle, &c., v. Owen County Court, 83 Ky., 61, an act with a title substantially like this one was assailed upon the same ground, but was sustained.

It was settled in the case of the Commonwealth v. Weller, 14 Bush, 218, and the doctrine is supported by the text-books and other authorities, that an act of the Legislature relating to a county may be submitted to its voters, not for the purpose of determining whether it is a law, but whether they will accept its provisions.

It is insisted, however, by distinguished counsel, with zeal and ability, that liquor is property; that this act forbids its sale, and is in effect a spoliation of it; that it is an exercise of absolute arbitrary power over the property and individual right of the freeman, and is, therefore, interdicted by our Bill of Rights and the Fourteenth Amendment to the Constitution of the United States. It is now settled, however, by not only the decisions of the Supreme Court of the United States, but by the highest court of nearly every State in the Union, that the Legislature of a State may,

under that police power which is vital to its existence, not only regulate, but restrict the retail liquor traffic. It would be singular if it could not do so, if government be instituted for the good of the governed.

If an evil which destroys the morals, the fortunes, and the lives of so many of our best citizens ; one which is so fruitful of pauperism and misery, and productive of probably eight-tenths of the crime in the country, were not subject to the legislative power, it would be strange indeed. If so, then all manner of crime is to be punished, and yet the people are powerless to wipe out the active cause of it. Surely one can not exercise a right, and much less a mere privilege, which may be revoked at any time, if it be destructive of the public morals, or public health, or public peace, and yet be beyond the reach of the legislative power. No one has ever had the *right* to sell whisky in this Commonwealth save as a *privilege*. It has always been the creature of license. The police power is properly and necessarily a broad one. It is difficult, if not impossible, to fix its limit. The property-owner acquires and holds his property subject to the right of the Legislature under this power to control it, whenever the public peace or the public morals or the public health is involved; otherwise the many would be at the mercy of the few ; lawlessness and disorder would take the place of law and order, and the appetites and passions of a few persons would imperil the public peace and endanger our social fabric. The individual profit of the few, arising from the wreck of fortunes, homes and lives, must give way to the happiness and security of the many. It belongs to the legislative department of the government

to exercise this necessarily sweeping power and determine primarily what measures are needful for the protection of the public health, the public morals and the public safety.  If a statute upon the subject has in reality no relation to those objects, and is a plain invasion of some private right secured by the organic law, then it would be one of the highest duties of a court to declare it a nullity ; but this can not be said of a law which controls and regulates a traffic which is an admitted evil in society.

We have as yet not seen an official copy of the decision of the Supreme Court of the United States in the Kansas liquor cases, quite recently decided, of Mugler v. State of Kansas, and the State v. Ziebold and others,[123 U. S., 123 ;] but as reported in the public prints, the highest court in the land has unanimously declared that this right of protection—this police power—extends so far that the Legislature of a State may prohibit the manufacture of liquor for the maker's own use as a beverage, if in its judgment this would tend to defeat its efforts to guard the community against this evil.

The prohibition of the manufacture or sale of liquor does not deprive the owner of his property.  It is not taking it without due process of law.  It is not an exercise of the right of eminent domain, by which the owner can be deprived of his property only upon the condition of compensation.  A nuisance merely is abated, and the citizen forbidden to do that which is injurious to the community.

It is insisted, however, that the law now under consideration is unconstitutional, because of its sweeping

character; that it not only forbids the sale of liquor by retail or as a beverage, but for religious or medicinal purposes. Even if it were true that under it a physician of Lincoln county could not prescribe it as a medicine, or admitting that its proper construction forbids the sale *in toto*, and not merely as a beverage, yet the appellant is not in a position to call in question its constitutionality upon this ground. He is asking that it be declared unconstitutional, because it prevents him from obtaining the privilege of selling liquor by retail, or as a beverage. Prescriptions are not filled in barrooms; nor is the communion table supplied from such places. We must look at things as they are, and not as they might be, in considering questions involving the exercise of the police power. It is unnecessary to decide whether the law-making power in its exercise may forbid the sale of an article for innocent, proper and even useful purposes upon the ground that it will be productive of deceit, and in effect defeat its effort to protect the health, morals and peace of the community from the ills arising from other uses of the article, since the appellant can not be heard to say that the law is invalid and unconstitutional upon a ground which in no way affects his rights.

It was said in the case of the Commonwealth v. Wright, 79 Ky., 22: "Only those who are prejudiced by an unconstitutional law can complain of it."

Mr. Cooley, who is probably the most distinguished writer of the present day upon constitutional power and its limitations, enforces this view; and in the case of Sullivan, &c., v. Berry's Administrator, 83 Ky., 198, it was fully considered and re-affirmed upon a review of

numerous authorities. (Jones, &c., v. Black, &c., 48 Ala., 540; Williamson v. Carlton, 51 Me., 449 ; De Jarnette v. Haynes, 23 Miss., 600 ; Turnpike Corporation v. County of Norfolk, 6 Allen, 353.)

The appellant only asks that he be allowed "to retail" liquor by opening a bar-room in a hotel. He has no interest, so far as the record discloses, in the sale of it for medicinal or religious purposes. He makes no such question. The right he asks can not be considered as fairly involving it; and the court has neither the inclination nor the right in this character of a case to go out of its way in search of such a question, or to consider it at the instance of one who has no right to ask it, because it does not affect his rights, and is not involved in the consideration of the privilege sought by him.

Judgment affirmed.