## Schmid v. Board of Trustees of the Firemen's Pension Fund of the City of Louisville.

(Decided January 23, 1912.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Third Division).

1. Cities—Firemen—Pension Fund.—The act of 1902 creating the pension fund in cities of the first class, does not require the board to retire a fireman on half pay after twenty years service, but gives them a discretion to do so.

2. Same—Retirement—Half Pay.—The act fixing no standard to guide the board by which it may determine when the pension should be allowed, and when it should not be allowed, is void for uncertainty insofar as it allows a fireman to be retired on half pay after twenty years service.

GARTNER & VAUGHN for appellant.

J. W. S. CLEMENTS and CLAYTON B. BLAKEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

J. J. Schmid in January, 1910, was a member of the fire department of the city of Louisville and had served 20 years consecutively in the department. He applied to the Board of Trustees of the Firemen's Pension Fund

to be retired on one-half pay. The board refused his application, adopting the following resolution:

"Application of John J. Schmid, Engine Driver No. 7, for retirement on account of age of service, was read by the Board Secretary; after due consideration and discussion, Secretary Wilhite moved that same be rejected, inasmuch as this man was ablebodied and only forty-three years of age."

Schmid thereupon brought this suit against the members of the board to obtain a mandamus compelling them to grant his application. The defendants demurred to the petition; their demurrer was sustained and the plaintiff failing to plead further, the action was dismissed. The plaintiff appeals.

The Firemen's Pension Fund was established by an act of the General Assembly approved February 19, 1902. (See Sec. 2896a, Kentucky Statutes.) It is insisted for Schmid that after twenty years service he was entitled as a matter of right to retire, and that the board was without discretion to refuse the application; that the act contains no criterion to govern the board except the twenty years service. It is insisted for the board that the act leaves all such aplications wholly to its discretion. The title of the act is in these words:

"An act to amend an act entitled "An act for the government of cities of the first class, approved July 1st, 1893, for the better government, administration, and discipline of the fire department, and to create and perpetuate a pension fund for disabled firemen, their widows and children and dependent fathers and mothers, and to create and perpetuate a board of trustees for the management and conduct thereof, and to pension members thereof after service of a term of years."

The first sixteen sections of the act make various regulations as to the department, not material here, except that the fourth section provides:

"The board of public safety is authorized and empowered to make, adopt and enforce rules, orders and regulations, not in conflict with this act for the government, discipline, administration and disposition of the fire department, and the officers, members and employes thereof."

The 17th section provides for the pension fund. Sections 18 and 19 are as follows:

"Said board shall have exclusive control and management of the said fund, and all moneys donated, paid

or assessed for the relief or pensioning of disabled members of the fire department, their widows and dependent children under the age of fourteen years, or dependent fathers or mothers, and may assess each member of the fire department one per centum of the salary of such member, to be deducted and withheld from the monthly pay of each member so assessed, and the same to be placed by the Treasurer of such city to the credit of such fund, subject to the order of such board.

"The said board shall have all needful rules and regulations for its government in the discharge of its duties, and shall hear and decide all applications for relief or pensions under this act, and its decision on such applications shall be final and conclusive, and not subject to revision or reversal, except by said board, and a record shall be kept of all the meetings and the proceedings of said board."

Section 20 provides for the investment of the fund; section 21 provides that the principal and interest of the fund shall be applied to the payment of pensions under the act.

Section 22 provides for a pension in case of disability or death in the service. Section 23 provides how the fund shall be applied in case there is a deficit. Section 24 is as follows:

"Any member of the fire department of such cities having served twenty years or more consecutively in such fire department may make application to be relieved from such fire department, and if his application is granted, the said board of trustees shall order and direct that such persons be paid a monthly pension equal to one-half the amount of the salary said person is or was in receipt of as a member of said department at the time of granting application."

Section 25 makes a provision as to funeral expenses. Section 26 is as follows:

"No person shall be entitled to receive any pension from the said fund except a regularly retired member or a regular member in said fire department, his widow and children under the age of fourteen years, and his dependent father or mother."

It will be observed that section 24 which is the only provision of the act as to a pension to retired members, provides that the member may make application to be relieved, and if his application is granted, the board of trustees shall order a monthly pension paid to him. The

act is mandatory that the pension shall be allowed if the application is granted, but it is not mandatory that the application shall be granted; and when this section is read in connection with sections 4, 18, 19 and 22 we think it is evident that the Legislature intended to make a distinction here, and intended only to require the pension to be allowed if the application for retirement was granted. It is hard to see why this circumlocution was used in the 24th section unless it was intended that the board should have a discretion in such matters under the previous sections.

The section as to pensions for disability or death in the service is sufficiently specific to give the board a standard to direct it in such applications for pensions, but there is in the act nothing to direct the board as to service pensions unless each applicant is entitled to the pension as a matter of right after 20 years faithful service. It is insisted that if the board is not required to grant the pension after 20 years service of a member, it may in its discretion refuse a pension to one member and grant it to another on practically the same facts. The pension fund is created largely by taxation or from other public funds under the act. The board is created by the statute; the Legislature can not confer upon its creature arbitrary power to use this fund as it may see proper. In authorizing the board to grant a pension the Legislature must define the persons who are to receive the pension, so that the board will have a standard to guide it. It can not leave the board to grant or refuse a pension at its whim or pleasure. The act sufficiently defines in section 22 the persons who are to receive pensions in cases of disability or death in the service. But the persons who are to receive a service pension under section 24 are in no manner defined, and the whole matter seems to have been intentionally left to the discretion of the board without any standard to guide it. We are, therefore of opinion that so much of the act as authorizes a pension to be granted to a member of the department after twenty years service is void for uncertainty, and that the only valid pensions that may be granted under the act are pensions in case of death or disability in the service, under section 22.

It follows, therefore, that the circuit court properly sustained the defendant's demurrer to the plaintiff's petition.

Judgment affirmed.

Whole court sitting.