### Head v. Jacobs.

(Decided October 30, 1912.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

### Head v. Doran.

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Third Division).

### Basler v. Head.

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

### Gorley v. Head.

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

1. Acts—Construction of—Legislative Purpose.—A proviso will not be read as inconsistent with the body of the act and the legislative purpose apparent from the act as a whole.
2. Acts—Act Repealing Prior Act—Policemen's Pension—Transfer to New Roll.—An act repealing a prior act under which pensions were granted, and abolishing such pensions, but providing that such pensions may be transferred to the new roll if the beneficiaries would be entitled to pensions under the new act, in the judgment of the board, gives the board a discretion as to what pensions shall be transferred to the new roll.
3. Pensions—No Vested Right to a Pension—Recall of Bounty.—There is no vested right to a pension and the legislature may, at any time, recall its bounty.

ELMER C. UNDERWOOD, for Gorley, et al.

J. W. S. CLEMENTS, CLAYTON B. BLAKEY, for Head, et al.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming in part and Reversing in part.

These four cases involve the same question and will be passed on together.

By an act approved March 3, 1904, provision was made for pensions to policemen in cities of the first class. The construction and validity of this act were before us in Board of Trustees v. McCrory, 132 Ky., 89; Tyson v. Board of Trustees, 139 Ky., 256; Schmid v. Board of Trustees, 146 Ky., 335. The last opinion was delivered while the General Assembly was in session and it at that session passed an act repealing the former act and enacting another which was to take the place of it; see Acts 1912, 372. This act provides for a Board of Pensions and for a pension fund. It provides for pensions to a member of the department permanently disabled by reason of service in such department so as to render necessary his retirement from service in said department. It also provides for similar temporary pensions for members temporarily totally disabled for service by reason of service in the department. Section 18 of the act is in these words:

"Said board shall organize as soon as practicable after the passage of this act and take charge of all records, property and funds on hand or in process of collection as soon as realized, that belong or pertain, to the policemen's pension fund, as now constituted. All pensions that are now in force under the law heretofore ex-

isting are declared to be hereby ended and abolished; Provided, That all pensions and beneficiaries under the laws hereby abolished, shall be continued as such by the board duly organized under this act, if under the terms of this act, they would be entitled to apply for and receive pensions, or benefits, and said transferred pensioners and beneficiaries shall be subject to all the rates and provisions of this act in the same manner as if their claims had been originally allowed under the same.''

The Board of Pensions declined to transfer James P. Jacobs, John H. Doran, James T. Gorley and P. A. Basler and they thereupon brought suits for a mandamus compelling the board to do so. Two of these suits came before the First Common Law Division of the Jefferson Circuit Court and two before the Second Division. The judge of the first division granted the mandamus; the judge of the second division refused it and from these judgments the appeals before us are prosecuted.

The only question to be determined on the appeals is whether the applicants were entitled as a matter of right to be transferred to the new pension roll. The board insists that only such beneficiaries were continued as would be entitled to apply for and receive a pension under the act of 1912. The case turns simply on the construction of the act of 1912. By the first section of that act the previous statute is expressly repealed; by the subsequent sections provision is made for a new pension board and a new pension fund; by the eighteenth section all pensions then in force under the law theretofore existing are declared ended and abolished. The proviso was not intended to contradict and undo what was expressed in the body of the section. It was only intended to allow existing pensioners the benefit of the act if they would have been entitled to its benefits, had their original application been made after it was passed; that is, they were to be transferred to the new roll if the board, upon examination of their cases, should determine that they were entitled to a pension under the new act. The plain purpose of the act was to wipe out not only the old act but all claims to pensions under it and to inaugurate a new system. But, in order that no injustice should be done to those who had previously obtained pensions it was provided that they should be placed upon the roll if they would be entitled to a pension under the new act. The board is given a discretion to determine according

to the facts who shall be entitled to a pension under the act.

The rule is that a proviso will be construed to restrain or qualify an enactment but not as repugnant to it or defeating the intention of the legislature as shown by the act as a whole. (In re Day, 181 Ill., 73; Pennick High Shoals Mfg. Co., 113 Ga., 592, and authorities cited.)

A pensioner has no vested right to his pension; the legislature which created it can recall its bounty at its discretion (22 Am. & Eng. Ency., 658). The act of 1912 taken as a whole shows a clear legislative purpose to allow no pensions except to those disabled by reason of service in the depeartment where the disability was contracted through such service, and to commit to the discretion of the board the question, what existing pensions should be transferred to the new roll.

It follows that the judgment of the First Common Pleas Division, in the two cases before it were erroneous and that the judgment of the second division in the two cases before it were correct.

In the cases of Gorley v. Head and Basley v. Head the judgments are affirmed. In the cases of Head v. Jacobs and Head v. Doran the judgments are reversed and the cases remanded for a judgment as above indicated.