## Vogt v. City of Oakdale.

(Decided November 18, 1915.)

Appeal from Jefferson Circuit Court.
(Chancery Branch No. 2).

Municipal Corporations—Streets—Abutting Owners—Constitutional Law.—A fifth-class city ordinance providing for street construction under section 3643, Kentucky Statutes, at the expense of the abutting owners in proportion to front footage instead of superficial area is not for that reason violative of the Constitution of the United States or of the State of Kentucky.

W. S. SANFORD for appellant.

CHAPEZE & CRAWFORD for appellee.

OPINION OF THE COURT BY JUDGE NUNN.—Affirming.

Oakdale is a city of the fifth class. By an ordinance duly adopted it provided for the construction of a carriageway 30 feet wide on Kenton street, and, after advertising for bids, let the contract therefor according to the plans and specifications. The ordinance was passed and the street improvement attempted under the Act of 1912, which is now Section 3643 of the Kentucky Statutes. Under authority of the statute the ordinance provided, that:

"Said work shall be done at the cost of the owners of the ground fronting and abutting upon said street according to the number of front feet owned by each of

them, respectively  *  *  *  that the portion of said work charged to and assessed against the property own-ers shall be paid for on the ten-year bond plan as pro-vided for in the act of the General Assembly (1912)."

Under the statute the charge against an abutting property owner "shall not exceed fifty per centum of the value of the ground after such improvement is made, excluding the value of the buildings and other improve-ments upon the property so improved."

Except at the corners, the lots on Kenton street fronted 50 feet and extended back 200 feet, but appel-lant's lot, which was a corner, fronted 50 feet on Grand Boulevard, and extended back 200 feet on Kenton street. It will thus be seen that upon the front foot basis she will have to pay four times as much for the street im-provement on Kenton street as the other lot owners on that street, excluding the corners, although the square foot area of her lot is no greater.

She complains (1) that the statute which provides for street construction on the front foot basis is in vio-lation of the Fourteenth Amendment to the United States Constitution, because it amounts to taking of property without due process of law, and because it is a tax as-sessment upon her property made without considering equality of burden as between the owners of similar property; (2) that it is in violation of section 171 of the Kentucky Constitution requiring uniformity of taxes upon all property within the same territorial limit; (3) that it is in violation of section 157 of the Kentucky Con-stitution because city taxation is increased beyond the limit therein authorized. Upon these grounds she in-stituted an action in equity to enjoin the city and its officers from constructing Kenton street at the expense of the abutting property owners and from issuing or selling bonds to pay therefor. The lower court sustained demurrer to her petition, and she appeals.

In our opinion, the facts alleged do not entitle her to the relief prayed for, nor do they raise any of the questions above set forth. No averment is made as to the value of this or other property on Kenton street. There is no plea of spoliation; no plea of an expense in excess of the benefits to be received; no plea of an expense in excess of 50% of the value of her property. She merely alleges in the form of conclusions that her property "is no more valuable per square foot than many

other pieces of property abutting thereon, and that this plaintiff's apportionment for said improvement will be many times greater in proportion to the value of her property than many other owners of property abutting upon said improvement.''

"It is a fundamental doctrine of American jurisprudence that those receiving special benefits from the public should make compensation for them  *  *  *  and the levy upon property specially benefited of a cost of a local improvement is but a further application of this same doctrine.  *  *  *  An assessment for a public improvement is not a tax in the ordinary sense of the term, but a charge for improvements for the making of which for his benefit the property owner should pay compensation.'' 28 Cyc., 1102.

In Gosnell v. City of Louisville, 104 Ky., 201, the court said :

"The distinction between a tax and a local assessment has been uniformly recognized by the courts of this State; and while the latter is, in one sense, a tax, being the imposition of a burden upon the citizen and an involuntary tax upon his property, it is not a tax contemplated by the framers of the Constitution.'' Holzhauer v. City of Newport, 94 Ky., 407; Maddox v. City of Newport, 97 Ky., 409; McNaughton v. Industrial School, 44 S. W., 380; Zoebel v. Orphans' Home, 92 Ky., 89.

It thus appears that there is no merit in appellant's contention that the statute and ordinance are in violation of sections 157 and 171 of the Kentucky Constitution. Neither are they violative of the Fourteenth amendment of the United States Constitution. It does not appear that any property has been or is about to be taken without due process of law, nor that a tax assessment is about to be made which imposes upon her an unequal burden. The fact that the property bears the expense of improvement according to frontage rather than superficial area does not render it unconstitutional, nor of itself make the burden of taxation unequal. Either plan may inflict some hardships, but it is within the power of the legislature to create a taxing district for improvements upon either plan. Louisville, etc., v. Barber Asphalt Paving Co., 197 U. S., 430, 25 S. Ct., 466, 49 L. Ed., 819; Shumate v. Heman, 181 U. S., 402, 25 S. Ct., 645, 45 L. Ed., 916, 922; French v. Barber As-

phalt Paving Co., 181 U. S., 324, 21 S. Ct., 625, 45 L. Ed., 879.

The French case, *supra,* distinguishes the case of Norwood v. Baker, 172 U. S., 269, 19 S. Ct., 187, 43 L. Ed., 443, upon which appellant relies. The Norwood case has no application here. It was a proceeding to condemn a right-of-way for a street through Baker's property at the expense of the property which he owned on each side of the proposed street. This was equivalent to taking, under the guise of taxation, private property for public use without compensation. Of course, on the front foot plan the cost apportioned to appellant's property will be more than that apportioned to the other owners on Kenton street because her lot has a greater frontage on that street. If later on Grand Boulevard is improved she will have to bear a proportionate share of that expense also. But this extra expense is due to the fact that she owns a corner lot. It does not follow, however, that the burden of taxation is unequal. As a rule, corner lots are more valuable, and there is nothing in the petition to indicate that her case is an exception to the rule.

The judgment of the lower court is affirmed.