## Commonwealth v. Bassett, et al.

(Decided October 10, 1916.)

### Appeal from Wayne Circuit Court.

1. Indictment and Information—Carrying on Business Under Assumed Name.—An act of the legislature which makes it unlawful for any person to carry on business in this State "under an assumed name, or under any designation, name or style, corporate or otherwise, other than the real name or names of the individual or individuals conducting or transacting such business," without filing a certificate thereof in the clerk's office, does not violate section 51 of the constitution, by reason of the fact that it is entitled, "An act regulating the carrying on of business under an assumed or fictitious name." All of the provisions of the act relate to the same subject, are naturally connected, and are not foreign to the subject expressed in the title.

2. Indictment and Information—Partnership—Assumed Name—Fictitious Name—Business.—The act of 1906 (Ky. Stats., Sec. 199b), entitled "An act regulating the carrying on of business under assumed or fictitious names," is not to be restricted in its operation to "assumed or fictitious names," but applies likewise to that character of partnerships doing business under a "designation," "name" or "style," whenever those words are used to describe the name of any business that is not carried on in the real name of at least one of the parties interested in such business.

3. Indictment and Information—Partnership—Assumed Name—Business.—Subsection 4 of the act of 1906 (Ky. Stats., Sec. 199b), which

permits the lawful use of a partnership name or designation, pro-
vided that such partnership name or designation shall include
the true real name of at least one of the persons transacting the
business, was not violated when George Bassett and Howell Bas-
sett did a partnership business under the name and style of the
"Bassett Hardwood Manufacturing Company."

W. N. FLIPPIN and M. M. LOGAN, Attorney General, for appel-
lant.

O. B. BERTRAM for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—
Affirming.

George Bassett and Howell Bassett were indicted for
the offense of carrying on business under the assumed
name, designation and style, of the "Bassett Hardwood
Manufacturing Company," without having first filed in
the county court clerk's office a certificate setting forth
the name under which said business was to be conducted
or transacted, and the true or real full name or names
of the person or persons owning, conducting or trans-
acting the same, with their postoffice addresses, as is
required by the Act of 1906, now section 199b of the
Kentucky Statutes.

The circuit court sustained a demurrer to the in-
dictment and the Commonwealth appeals.

1. Appellees insist that the Act of 1906 is uncon-
stitutional because it violates section 51 of the constitu-
tion, which provides that no law enacted by the General
Assembly shall relate to more than one subject, which
shall be expressed in the title. The Act of 1906 is en-
titled, "An Act regulating the carrying on of business
under an assumed or fictitious name," while the body of
the Act makes it unlawful for any person to carry on
business in this State "under an assumed name, or un-
der any designation, name or style, corporate or other-
wise, other than the real name or names of the individ-
ual or individuals conducting or transacting such busi-
ness," without filing the required certificate in the
clerk's office.

It is argued that by reading the title of the Act one
could not understand that it was intended to be a viola-
tion of the law to use any designation, name or style,
corporate or otherwise, since that would be a departure
from the title of the Act: that, in order to violate this

statute, the name used must be, either assumed or fictitious; and, consequently, that that part of the body of the Act which makes it a violation of the law to do business under "any designation, name or style" is foreign to the title, and makes the Act unconstitutional.

It will be noticed, however, that the body of the Act is not confined to the regulation of business carried on under "any designation, name or style," but that it applies to all business carried on in this State "under an assumed name, or under any designation, name or style."

The title relates to the carrying on of business "under an assumed or fictitious name," while the body of the Act treats of business transacted under an assumed name or under any designation, name or style, which is the same, in substance, as doing business under an assumed or fictitious name.

If all the provisions of an Act relating to the same subject are naturally connected, and are not foreign to the subject expressed in the title, it will be sufficient. Burnside v. Lincoln County Court, 86 Ky. 423; Mark v. Bloom, 141 Ky. 474.

The purpose of section 51 of the constitution being to prevent log-rolling legislation, surprise or fraud upon the legislature, and to fairly apprise the people through the usual publication of legislative proceedings, of the subjects of legislation under consideration, it is clear those purposes have been accomplished in this instance. Cooley's Const. Lim., 7th ed., p. 205; B. T. Erlanger Graded School District v. Tate, 155 Ky. 296.

2. We are advised, by the briefs, that the trial court sustained the demurrer to the indictment because the "Bassett Hardwood Manufacturing Co." was neither an assumed nor a fictitious name, although it might be a style, designation or name mentioned in the body of the Act; that it must be construed to apply to business conducted only under an assumed or fictitious name; and, that this case was not covered by the Act. We cannot, however, concur in this view.

The purpose of the Act was to enable the public and those dealing with a business not conducted in the real name of at least one of the owners thereof, to be informed as to whom they were dealing with. It was not intended by the title of the Act to restrict the operation of the Act to assumed or fictitious names, to the exclu-

sion of such business as might be carried on under a
designation, name or style. The words "assumed or
fictitious names" were used in the title in their broad
sense, and include that character of partnerships, names
or styles embraced in the words "assumed name," "des-
ignation," "names" and "styles," used in the body of
the Act. They all mean substantially the same thing,
and are words used to describe the name of any business
that is not carried on in the real name of at least one
of the parties interested in such business.

There is, therefore, only one subject attempted to be
legislated upon, either in the title or in the Act, and that
is the regulation of the conduct of business in those
cases where the real name of at least one of the indi-
viduals carrying on such business does not appear in
the name, designation or style of the business.

Under the rule that the title must be fairly expres-
sive of the context of the Act and is to be read in con-
nection with it in determining the meaning of the Act,
we are of opinion, not only that the requirements of
section 51 of the constitution have been satisfied in this
instance, but that the statute covers cases where busi-
ness is carried on either under an assumed or fictitious
name, or under a designation and style.

3. However, subsection 4 of the Act of 1906 pro-
vides as follows:

"This act shall in no way affect or apply to any cor-
poration duly organized under the laws of this State,
or any corporation organized under the laws of any
other State and lawfully doing business in this State,
nor shall this act be deemed or construed to prevent the
lawful use of a partnership name or designation, pro-
vided that such partnership name or designation shall
include the true real name of at least one of such per-
sons transacting business."

In the business conducted by George Bassett and
Howell Bassett, we, therefore, have this further ques-
tion: "Do they come within the exemption provided by
subsection 4 above quoted, when they do business under
the name and style of the "Bassett Hardwood Manu-
facturing Company?"

The Commonwealth contends that the purpose of
the Act being to inform the public and those dealing with
such business concerns, as to the persons with whom

they are dealing, the use of the surname of one of the members does not satisfy the statute.

We do not, however, so read the statute. Its purpose was to exempt partnerships from the duty of filing the statutory notice so long as the partnership name or designation was sufficiently distinctive to identify it with the partners. This end is fully accomplished by using the surname of the partners.

This precise question was lately before the court in the case of Commonwealth v. Richey, 171 Ky. 330, and was decided in conformity with the view above expressed.

Judgment affirmed.