## Stone v. City of Lexington, et al.

(Decided June 17, 1921.)

### Appeal from Fayette Circuit Court.

1. Statutes—Subjects and Titles of Acts.—An act entitled, in substance, an act to amend and re-enact sections of a statute, being part of the charter of cities of the second class, relating to the police and fire departments, and to create and perpetuate a pension fund for disabled policemen and firemen and members of their families, same to be managed and controlled by a board of trustees, is neither misleading nor violative of section 51 of the Constitution.

2. Statutes—Subjects and Titles of Acts—Taxation.—The levying of a tax for the creation and maintenance of a fund provided for by the act, is not foreign either to the title or to the body of the act.

3. Statutes—Subjects and Titles of Acts.—Before any act of the General Assembly is declared unconstitutional on the ground that the subject of the act is not expressed in the title, it must be made to appear to the satisfaction of the court that the alleged variance is such as to bring it within the range of the evils sought to be guarded against by section 51 of the Constitution, and be such as to justify its condemnation on that ground alone.

4. Statutes—Subjects and Titles of Acts.—There is a sufficient compliance with the requirements of section 51 of the Constitution when all the provisions of an act relate to the same subject, are naturally connected and are not foreign to the subject expressed in the title.

FRED H. RYAN for appellant.

W. H. TOWNSEND, JAMES WILMORE and HARRY MILLER for appellees.

HAZELRIGG & HAZELRIGG for intervening petitioners.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

At its 1920 session the General Assembly of the Commonwealth of Kentucky passed an act entitled:

"An Act to amend and re-enact sections 3140 and 3138, Kentucky Statutes, Carroll's 1915 edition, being a part of the charter of cities of the second class, for the better government, administration and disposition and discipline of the police and fire department and to create and perpetuate a pension fund for disabled police and firemen, their widows and children and dependent fathers and mothers, and to create and perpetuate a board of

trustees for the management and conduct thereof, and to pension members thereof after service of a term of years.''

In this suit by appellant, a resident and taxpayer of the city of Lexington, against the mayor and commissioners of the latter city the constitutionality of the foregoing act is brought in question. But two points are relied upon, viz.: (a) the act violates sec. 51 of the Constitution, and, (b) the title is misleading and deceptive in that it cannot be fairly deduced from a reading thereof that the fund was to be created and perpetuated by the levying of a new and additional tax as provided for in the body of the act.

The constitutional provision above referred to reads thus:

''No law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title, and no law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred, shall be re-enacted and published at length.''

It is argued the act relates to more than one subject in that it deals with a police and fire commission and provides for the creation of a board of trustees to administer the pension fund, i. e., it refers to both a police and fire commission and to a new governing body known as the ''board of trustees.'' The title of this act is almost a literal copy of the title to a similar act applicable to cities of the first class, approved February 19, 1902 (p. 3 of the Session Acts of that year), the only difference between the two titles being that the act in the present suit creates a fund for both policemen and firemen, whereas the act pertaining to cities of the first class applies only to firemen, for the manifest reason, however, that there was a separate and earlier act applicable to the police department, to-wit: an act approved March 16, 1900, (Acts 1900, chapter 28). Not only is there a striking similarity in the titles of the two acts (1902 and 1920) but by a comparison of the body of each it will be found that sections 16 to 32 of the earlier act have been followed in the main in the act pertaining to cities of the second class. This 1902 act has been before this court on three separate occasions, to-wit: Board of Trustees of Firemen's Pension Fund v. McCrory, 132 Ky. 89, 116 S. W. 326, 21 L. R. A. (N. S.) 583; Tyson v. Board of Trustees of Firemen's

Pension Fund, 139 Ky. 256, 129 S. W. 820; Schmid v. Board of Trustees of Firemen's Pension Fund, 146 Ky. 335, 142 S. W. 688.

In the latter opinion section 24 of the 1902 act, which corresponds to section 11 of the 1920 act, was held void for uncertainty. With this exception the validity of this act has been sustained by this court, which fact disposes of the second point urged by appellant. The levying of a tax to create and maintain the fund is certainly not foreign to the title or subject of the act. It must be obvious to one reading the title that in the body of the act would be found the means whereby the fund was to be created and maintained. And would not the natural source of revenue or income be from taxation?

The opinion in the Schmid case, *supra,* was rendered during the legislative session of 1912, at which session acts amendatory of the laws relating to pensions for members of both the police and fire departments in first class cities were passed. (Acts 1912 pp. 372 and 428.)

Parts of the 1912 act were construed in Head v. Jacobs, 150 Ky. 290, 150 S. W. 349.

The constitutional provision, *supra,* has always been liberally construed by the courts, all doubts being resolved in favor of the validity of the legislative action. Bowman v. Hamlett, 159 Ky. 184, 166 S. W. 108.

The purpose of the provision being to prevent log rolling legislation, or surprise or fraud upon the legislature by means of provisions in bills of which the titles give no intimation and which might, therefore, be overlooked and carelessly or unintentionally adopted. Cooley on Constitutional Limitations, p. 205.

Hence before any act of the General Assembly is declared contrary to the constitution on the ground that the subject of the act is not expressed in the title by reason of a variance between the title and the body of the act it should be made to appear to the satisfaction of the court that the alleged variance is such as to bring it within the range of the evils sought to be guarded against and such as to justify its condemnation upon that ground alone. See Fry, et al. v. Commonwealth, 166 Ky. 670, 179 S. W. 604.

There is a sufficient compliance with the requirements of section 51 when all the provisions of the act relate to the same subject and are naturally connected and are not foreign to the subject expressed in the title. Burnside v. Lincoln Co. Ct., 86 Ky. 423, 6 S. W. 276; Williams v.

Wedding, 165 Ky. 361, 176 S. W. 1176; LaRue v. Redmon, 168 Ky. 487, 182 S. W. 622; Lang, Judge, v. Commonwealth, 190 Ky. 29, 226 S. W. 376.

To illustrate, an act entitled "An act to carry on business under an assumed or fictitious name," was held not violative of the section, *supra*, though in the body of the act it was made unlawful for any person to carry on business in this state under an assumed name or under any designation, name or style, corporate or otherwise, other than the real name of those conducting such business. Commonwealth v. Bassett, et al., 171 Ky. 385, 188 S. W. 459.

A like conclusion was reached in Smith v. Commonwealth, 175 Ky. 286, 194 S. W. 367, where the validity of an act to regulate, license and govern the use of motor vehicles was upheld, though it was provided in the act that the license fees should be paid into the state road fund. The regulation of motor vehicles and the payment of license fees into the road fund, i. e., the setting apart of fees for a revenue purpose, (the improvement of the public highways), not being separate and distinct subjects. ·

Notwithstanding some of the provisions of an act might have relation to some other subject, if the provisions of the act relate to one general subject, all of which are germane to the one expressed in the title, the act will be sustained. For example, in McGlone v. Womack, 129 Ky. 274, 111 S. W. 688, 17 L. R. A. (N. S.) 855, it was held that an act to promote the sheep industry and to provide a tax on dogs related to but one subject, viz.: the promotion of the sheep industry by the imposition of a tax on dogs for the purpose of creating a fund to remunerate the owners of sheep killed by dogs.

In reality the police and fire departments are two divisions of one branch of municipal administration, to-wit: the public safety. The act whose validity is attacked in this suit is for one purpose only, that is, the creation and maintenance of a pension fund for the benefit of disabled firemen and policemen and for the members of their families. It is amendatory of two sections of one act, viz.: the charter of cities of the second class, and which original sections of the charter of such cities vested in commissioners, control of the police and fire departments. Acts such as this are valid. It was so held in Ader, etc., v. City of Newport, 9 Rep. 748, where an act to create a new board of fire and police districts in Camp-

bell county and to provide for the government thereof was held not to be in conflict with the constitutional provisions. The provision construed in that case is found in section 37, article 2 of the Constitution of 1850, being the same as the first part of section 51 of the present Constitution.

The grounds upon which it is sought to declare the act unconstitutional being insufficient for that purpose, the judgment appealed from must be and is affirmed.