### DALY v. LOOK et al.

Court of Appeals of Kentucky.

March 12, 1954.

Rehearing Denied May 7, 1954.

· Henry J. Stites, John T. E. Stites, Louisville, for appellant.

Andrew Hyman, Steinfeld & Steinfeld, Louisville, for appellees.

SIMS, Chief Justice.

This action was instituted by appellees as the Board of Directors of Warner Avenue Road District, which was organized in compliance with KRS Chapter 184, to enforce an improvement lien against the abutting property of appellant, Roger K. Daly, in the sum of $502.50 and to recover a reasonable attorney's fee for enforcing the lien. Special and general demurrers were sustained on September 24, 1952, to the amended answer and cross-petition, appellant declined to plead further, the relief sought in the petition was granted and this appeal followed.

Appellant is the owner of a corner lot which extends 57½ feet along Breckinridge Lane, in St. Matthews, and runs back 150 feet with Warner Avenue to an alley. He argues that as his amended answer and cross-petition plead with particularity that his lot fronts on Breckinridge Lane and deny it fronts on Warner Avenue, such facts must be taken as true on the general demurrer. He is correct in that facts well-pleaded are taken as true on demurrer, but the statute under consideration, KRS 184.120, assesses the cost of the improvement against the Abutting Property according to its "front footage", which quoted term merely means the linear number of feet the property abuts on the improvement. Patently, a corner lot abuts on two streets.

It is next argued that appellant must pay several times more than his neighbors whose property only abuts, or as he puts it "fronts on", Breckinridge Lane, hence his assessment violates § 171 of the Kentucky Constitution (all taxes must be uniform upon property of the same class), and the Fifth and Fourteenth Amendments to the Federal Constitution (which provide no person shall be deprived of his property without due process of law). In Vogt v. City of Oakdale, 166 Ky. 810, 179 S.W. 1037, 1038, these very questions were raised and decided adversely to the contention made here by appellant. This court there said: "But this extra expense is due to the fact that she owns a corner lot. It does not follow however, that the burden of taxation is unequal. As a rule, corner lots are more valuable, * * *." The opinion further states: "It does not appear that any property has been, or is about to be, taken without due process of law, nor that a tax assessment is about to be made which im-

poses upon her an unequal burden." Also see Louisville & N. R. Co. v. Southern Roads Co., 217 Ky. 575, 290 S.W. 320, 324.

Appellant next contends the title of KRS Chapter 184, Acts of 1942, Chapter 65, p. 359, does not mention attorneys' fees, which are embodied in the Act, therefore it violates § 51 of our Constitution providing "No law * * * shall relate to more than one subject, and that shall be ex-. pressed in the title," citing Engle v. Bonnie, 305 Ky. 850, 204 S.W.2d 963. In the Engle case the title was "An Act Relating to Cities", Chapter 42, p. 106, Acts of 1946, while the Act itself related to the incorporation of unincorporated communities or the creation of municipalities. We there held the title was deceptive as it did not relate to existing cities.

Here, the title to the Act is rather full and we deem it unnecessary to incorporate the entire title in this opinion. It will suffice to say the title provides for the "levy of assessments against abutting property owners, the creation of lien upon such property for such assessments, * * for suit against delinquent property owners * * *." Admittedly, the title does not mention that the delinquent must pay "the cost of the action, including attorneys' fees", which appears in the body of the Act; but such cost and fees are certainly related to the subject of enforcing liens against the property of delinquents. Courts have always been liberal in construing § 51, and it is not necessary that a title mention in detail everything appearing in the Act. If the title is sufficient to put members of the General Assembly upon notice of the contents of the Act, and all provisions of the Act relate to the same subject and are naturally connected, and not foreign to the subject expressed in the title, then the requirements of § 51 are met. Stone v. City of Lexington, 192 Ky. 60, 232 S.W. 50; Smith v. Com., 175 Ky. 286, 194 S.W. 367; Campbell v. Com., 229 Ky. 264, 17 S.W.2d 227, 63 A.L.R. 932. Tested by this rule, the title does not run afoul of § 51.

An attack is made on the constitutionality of the Act because it allows at-torneys' fees to be taxed as cost when it is necessary to collect improvement assessments, or tax liens, by foreclosure proceedings. The rule seems to be that whenever attorneys' fees may reasonably be said to be a part of the penalty for violating a public regulation, statutes allowing them to be taxed against the party in default, or guilty of the wrong, are upheld. 14 Am.Jur. "Costs" § 64, p. 39; Liberty Warehouse Co. v. Burley Tobacco Growers' Co-Op. Ass'n, 208 Ky. 643, 271 S.W. 695; W. W. Mac Co. v. Teague, 297 Ky. 475, 180 S.W.2d 387; Burns v. Shepherd, Ky., 264 S.W.2d 685. Also see annotations 11 A.L.R. 884, 90 A.L.R. 531. What is said here in no wise conflicts with the Burns opinion where we held unconstitutional KRS 342.320 (2) because it required an employer to pay one half of the claimant's attorneys' fee where an award is made by the Workmen's Compensation Board, regardless of whether or not the employer violated some statute, or wrongfully violated an obligation owed to his employee. In the instant case appellant willfully refused to comply with the statute and pay his assessment lien therefore he must bear the expense of a reasonable fee for the District's attorney in the foreclosure proceeding.

No copy of the special demurrer appears in the record but we presume one was sustained to appellant's amended answer and cross-petition because in an action in the county court he attacked the creation of the road district. When that action was decided adversely to him, he appealed but never perfected the appeal and we presume that under § 92(3) of the Civil Code of Practice this special demurrer was sustained because the action in the county court was pending. In Allison v. Borders, 299 Ky. 806, 187 S.W.2d 728, we held KRS Chapter 184 did not contravene §§ 59 and 141 of our Constitution. Be that as it may, the question of the correctness of the ruling on the special demurrer is immaterial as the court sustained a general demurrer to the amended answer and cross-petition.

For the reason given, the judgment is affirmed.