Charlie **VASSEUR** et al. (Zimroude De Haven), Appellants,

v.

**CITY OF CALVERT CITY** et al., Appellees.

Court of Appeals of Kentucky.

Jan. 23, 1959.

A. Joe Asher, Benton, for appellants.

H. H. Lovett, Jr., John C. Lovett, Pal G. Howard, Benton, for appellees.

CLAY, Commissioner.

Plaintiff appellants question the validity of a street assessment ordinance of the City of Calvert City and the constitutionality of the statute under the authority of which it was enacted. Their complaint was dismissed by the trial court.

KRS 94.294 authorizes a city to make and finance a street improvement by "stages". Under this authority the ordi-

nance in question provided a program for improving streets in the following manner:

1. Each street was to be graded to a width of 16 feet and was to be surfaced with gravel and limestone roadmix.

2. Curbs, gutters and storm sewers were to be installed.

3. The surface was to widened to 28 feet.

4. The base surface was to be covered with hot mixed blacktop.

The record does not show the type of streets that now exist in Calvert City, but apparently they are unimproved. The obvious objective of the ordinance was to program for completion in a series of projects, either the original construction or a substantial reconstruction of city streets.

KRS 94.010(2) (a) defines "an improvement" which may be authorized by ordinance and for which the property owners may be assessed as "original construction or substantial reconstruction, as distinguished from repair". Subsection (i) provides that "street improvement" shall embrace grading, regrading, paving, repaving, construction or reconstruction of curbs, gutters, storm sewers, etc.

Appellant contends that some of the phases of this work, particularly surfacing and resurfacing the streets, is nothing more than repair, and the City cannot levy a street assessment for such type of work. It is clear to us that each item of the work constitutes an integral part of a new construction of the streets. Even resurfacing a street does not necessarily constitute repair. City of Hazard v. Main Street Realty Company, Ky., 262 S.W.2d 87. In addition to that, however, the ordinance provides for grading, widening, and the installation of curbs, gutters and storm sewers. This whole project, and each part of it, constitutes an improvement and not a repair.

 The ordinance is valid.

Appellant contends that the statute (KRS 94.294) is unconstitutional because the property owners are not permitted to protest. No authority is cited for such a proposition. It was long ago settled that property owners could be assessed for street improvements without violating any of their constitutional rights. Vogt v. City of Oakdale, 166 Ky. 810, 179 S.W. 1037.

The judgment is affirmed.