CASE 10.—ACTION BY MILDRED McCRORY AGAINST THE BOARD OF TRUSTEES OF FIREMEN'S PENSION FUND.—February 16.

# Board Trustees Firemen's Pension Fund v. McCrory

Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

THOMAS R. GORDON, Judge.

Judgment awarding writ of mandamus. Defendants appeal.—Reversed.

1. Mandamus—When Remedy Lies—Official Acts.—Where ministerial officers have discretion respecting any act they are authorized to do, courts will not by mandamus or otherwise, control such discretion, unless appellate authority is specifically given, but mandamus lies where the act is not discretionary.

2. Mandamus—When Proper Remedy.—Since Act February 19, 1902 (Acts 1902, p. 3, c, 2; Ky. Stats., 1909, section 2896a, subsection 22), makes conclusive the decision of the trustees of a firemen's pension fund, on application for a pension under such act, the courts can not review such a decision in a mandamus proceeding against them.

A. E. RICHARDS and A. B. BENSINGER for appellants.

CHAS. B. SHIELDS and CAMDEN R. McATEE for appellee.

(No briefs—record out.)

Board Trustees Firemen's Pension Fund v. McCrory.

OPINION OF THE COURT BY JUDGE BARKER—Reversing.

The appellee, Mildred McCrory, instituted this action in the Jefferson circuit court for the purpose of obtaining a writ of mandamus requiring the board of trustees of firemen's pension fund to put her on the roll of pensioners under the act establishing a pension fund for firemen in cities of the first class. She alleged that she is the widow of John McCrory, Jr., who died a member of the fire department of the city of Louisville from the effects of disease contracted while in the discharge of his duty as fireman. Without detailing minutely the allegations of the petition, it is sufficient to say that she alleged every fact necessary to authorize the judgment she seeks, provided it be ascertained that the judicial tribunals have jurisdiction to review the decision of the board of trustees of firemen's pension fund on the subject of the merits of her claim. The defendants below by their answer placed in issue the allegations of the petition, and pleaded affirmatively that they had entertained her application and rejected it upon its merits, and that their decision was final and conclusive under the statute establishing the fund.

The firemen's pension fund involved in this action was established by an act of the General Assembly of the Commonwealth of Kentucky, approved February 19, 1902 (Acts 1902, p. 3, c. 2), and so much of it as is pertinent here is found in scetion 2896a, Ky. Stats., and the subsections thereof. Subsection 17 provides the manner of creating and the amount of the fund. Subsection 22 provides who are the beneficiaries of the fund, and how they are to be placed upon the list

of pensioners; and, among other things, it is specifically provided: "If any member of said fire department shall, while in the performance of his duty, be killed, or die as the result of an injury received in the line of his duty, or of any disease contracted by reason of his occupation, or shall die from any cause whatever as the result of his services in said department, and while in said service   *   *   * and shall leave a widow   *   *   *   surviving, said board of trustees shall direct the payment from said pension fund, monthly, to such widow, while unmarried, of thirty dollars.   *   *   *" Subsection 19 is as follows: "The said board shall have all needful rules and regulations for its government in the discharge of its duties, and shall hear and decide all applications for relief or pensions under this act, and its decision on such applications shall be final and conclusive, and not subject to revision or reversal, except by said board, and a record shall be kept of all the meetings and the proceedings of said board." It will thus be seen that by the terms of the act establishing the fund the power to adjudge who of the applicants seeking pensions are entitled to be enrolled is exclusively given to the board of trustees. An examination of the authorities bearing upon the question seems to establish the following rule: That, wherever ministerial officers are invested with a discretion with respect to any act which they are authorized to do or perform, the civil courts will not, either by writ of mandamus or otherwise, undertake to control that discretion unless appellate authority is specifically given. But if the act be merely ministerial and there be no discretion, and the officer or officers refuse to do their duty in the premises, then the writ of mandamus will lie to compel them to act.

Board Trustees Firemen's Pension Fund v. McCrory.

The question we have here arose in the great case of Marbury v. Madison, 1 Cranch 137, 2 L. Ed. 60, and Chief Justice Marshall pointed out the difference between acts which were merely ministerial and those with reference to which the officer is invested with executive functions. The distinction there laid down has been followed and approved by the Supreme Court of the United States ever since, notably in the cases of Kendall v. United States, 12 Pet. 524, 9 L. Ed. 1181; Decatur v. Paulding, 14 Pet. 497, 10 L. Ed. 559, 609; United States ex rel. McBride v. Schurz, 102 U. S. 378, 26 L. Ed. 167. All of these cases were cited and discussed by Mr. Justice Bradley in the case of United States ex rel. Dunlap v. Black, Commisisoner of Pensions, 128 U. S. 40, 9 Sup. Ct. 12, 32 L. Ed. 354. After reviewing the cases hereinbefore cited, the opinion announced the following rule, which we think is sound: ''The principle of law deducible from these two cases is not difficult to announce. The court will not interfere by mandamus with the executive officers of the government in the exercise of their ordinary official duties, even where those duties require an interpretation of the law, the court having no appellate power for that purpose, but when they refuse to act in a case at all, or when, by special statute, or otherwise, a mere ministerial duty is imposed upon them; that is, a service which they are bound to perform without further question, then, if they refuse, a mandamus may be issued to compel them. Judged by this rule the present case presents no difficulty. The Commissioner of Pensions did not refuse to act or decide. He did act and decide. He adopted an interpretation of the law adverse to the relator, and his decision was confirmed by the Secretary of the Interior, as evidenced by his signature of the certificate.

Whether, if the law were properly before us for consideration, we should be of the same opinion or of a different opinion is of no consequence in the decision of this case. We have no appellate power over the commissioner, and no right to review his decision. That decision and his action taken thereon were made and done in the exercise of his official functions. They were by no means merely ministerial acts. "The decisions of this court, which have been rendered since the cases referred to, corroborate and confirm all that has been said. The following are the most important, to-wit: Brashear v. Mason, 6 How. 92, 12 L. Ed. 357; United States ex rel. Goodrich v. Guthrie, 17 How. 284, 15 L. Ed. 102; Commissioner of Patents v. Whiteley, 4 Wall. 522, 18 L. Ed. 335; Georgia v. Stanton, 6 Wall. 50, 18 L. Ed. 721; Gaines v. Thompson, 7 Wall, 347, 19 L. Ed. 62; United States ef rel. McBride v. Schurz, 102 U. S. 378, 26 L. Ed. 167; Butterworth v. Hoe, 112 U. S. 50, 5 Sup. Ct. 25, 28 L. Ed. 656." In the instant case the appellee made application for a pension. The board heard her application and decided adversely to her. The law establishing the fund expressly provides that their decision shall be final. The civil courts, therefore, are without jurisdiction to review their judgment.

The statute in question is not inimical to those sections of the Constitution which establish courts of justice in the State. The board is in no sense a court of justice. It does have and exercise some of the functions of a court; so does every officer who examines into the truth or falsity of evidence and acts upon his conclusion possess some of the functions of a court. The mayor of a city is invested with power to pass upon the constitutionality or legality of the various ordinances enacted by the board of council,

and to veto them if in his opinion they are illegal or improper; but this fact does not make him a court, although in performing this duty he exercises one of the functions of a court. The board of safety are authorized to hear and determine charges of misconduct on the part of policemen and firemen, and to discharge them if in their opinion they are guilty, and from this opinion there is no appeal. The right of the board of safety so to do has been recognized in several cases by this court. Gorley v. City of Louisville, 104 Ky. 372, 47 S. W. 263, 20 Ky. Law Rep. 602. To the same effect are Hardy v. Clough, County Commissioner, 64 Minn. 378, 67 N. W. 202; Sternberg et al. v. State, 48 Neb. 299, 64 N. W. 190; State of Wisconsin ex rel. Ellis v. Thorne, 112 Wis. 81, 87 N. W. 797, 55 L. R. A. 956. The board of public works are empowered to receive bids for public work and to pass upon the question as to who is the lowest and best bidder, and award the work in accordance with their judgment; or they may, if they so choose, reject any and all bids (Trapp v. City of Newport, 115 Ky. 840, 74 S. W. 1109, 25 Ky. Law Rep. 224; Campbell v. Southern Bitulithic Co., and the City of Ashland, 106 S. W. 1189, 32 Ky. Law Rep. 792) ; but, while in doing these things the board of public works exercise some of the functions of a court, they are merely executive officers exercising a quasi judicial discretion in regard to the public business, and in no sense a court within the meaning of the Constitution. The case of Pratt v. Breckinridge, 112 Ky. 1, 23 Ky. Law Rep. 1356, 65 S. W. 136, 66 S. W. 405, cited by appellee, is not apposite to the question in hand.

We do not hesitate to say that, if we had a right to review the decision of the board upon the facts which this record contains, we would hold that they

erred in refusing to grant the appellee a pension; but we are constrained to say that we have no jurisdiction to retry these facts or establish a conclusion different from that reached by the board. The statute authorizes them to judge of the merits of the application, and does not confer this right upon us.

In conclusion we are of the opinion that the trial court erred in awarding the writ of mandamus, and for that reason his judgment is reversed, with directions to dismiss the petition.