CASE 27.—ACTION BY FILLMORE TYSON AGAINST THE BOARD OF TRUSTEES OF THE FIREMEN'S PEN SION FUND OF THE CITY OF LOUISVILLE.—June 17, 1910.

## Tyson v. Board Trustees of Firemen's Pension Fund, City of Louisville.

Appeal from Jefferson Circuit Court (Common Pleas Branch, Third Division).

WALTER P. LINCOLN, Judge.

From the judgment plaintiff appeals.—Reversed.

1. Municipal Corporations—Pensioning Firemen—Retirement for Time Services.—It being clear from the title and preamble of Act Feb. 19, 1902 (Acts 1902, c. 2), relative to a pension fund for the fire department of cities of the first class, that pensioning members of the fire department after service for a term of years was a part of the intention of the Legislature in enacting the law; and it being provided by section 24 that any member of the fire department who has served 20 years consecutively may be retired, and the trustees of the fund shall order him to be paid a certain pension; and but one fund and one board of trustees being provided by the act, and such board being given management and control of such fund—one who has so served 20 years may be pensioned from such fund, there being no other fund from which he can be

Tyson v. Bd. Trustees Firemen's Pension Fund, City Louisville.

pensioned, though section 24 does not provide specifically that he shall be pensioned therefrom, and section 17 does not enumerate pensioning firemen for time service as among the purposes for which the tax creating the fund is to be levied, and section 22, enumerating in part the beneficiaries of the fund, does not include by name persons so retired for time service.

2.  Statutes—Construction—Consideration of Other Statutes.—Two acts having been passed, one creating a pension fund for firemen, the other for policemen, and it having been manifestly the purpose to create for the two departments pension funds substantially the same, and there being in one act language somewhat vague or obscure on a given subject, the language in the other, as to the same subject, being perfectly plain and obvious, may be considered to clear up what is obscure or doubtful in the other.

3.  Taxation—Statutes Levying Tax—Specifying Purposes.—Constitution section 180, requiring every act levying a tax to specify the purpose for which the tax is levied, is satisfied if all the purposes of the tax are found in the act, though in different parts of it, and hence is satisfied by Act Feb. 19, 1902, (Acts 1902, c. 2).

4.  Municipal Corporations— Pensioning Firemen — Abrogating Action—Power of Board.—Act Feb. 19, 1902 (Acts 1902, c. 2), creating a fund for pensioning firemen of cities of the first class, and by section 24, providing that any member of the fire department who has served 20 years consecutively may be retired, and that the trustees of the fund shall order him to be paid a monthly pension of one-half of the salary he was receiving, does not, in the absence of provision therefor, authorize the trustees to set aside an order retiring and pensioning a fireman, unless there was fraud or chicane in the order of retirement.

5.  Mandamus—Public Officers.—No authority being given by Act Feb. 19, 1902 (Acts 1902, c. 2), to the trustees of the firemen's pension fund, thereby created, to rescind their action, authorized by the act, in retiring and pensioning a fireman after service for a certain time, they having so rescinded it may be compelled by mandamus to reinstate him as a pensioner.

KOHN, BAIRD, SLOSS & KOHN, ROBT. W. BINGHAM and FRED FORCHT JR., for appellant.

J. W. S. CLEMENTS for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

This is an action by appellant, Fillmore Tyson, for a writ of mandamus requiring the Trustees. of the Firemen's Pension Fund of the city of Louisville to reinstate him as a pensioner of the Firemen's Pension Fund, from which position he has been, as he claims, unlawfully removed by the appellee. There is no contrariety in the facts in the case; the question is one purely of law.

Appellant was, and had been for several years prior to the 15th day of November, 1909, chief of the fire department of the city of Louisville, at a salary of $250 per month. Having served in the fire department for more than 20 consecutive years next before the date mentioned, he was deemed entitled, under the provisions of the act establishing the pension fund, which will be hereafter discussed more fully, to be retired from active duty in the fire department and placed on the pension roll at half pay, and an order was made to that effect by the Board of Trustees of the Firemen's Pension Fund, as it was then constituted. Subsequently, on the 15th day of February 1910, the personnel of the board having, in a large measure, changed, an order was made dropping the name of appellant from the pension roll and requiring him to resume active service as a fireman. Upon final hearing of the action, the circuit judges—three of whom sat together in the case—entered a judgment dismissing appellant's petition; from which he prosecutes this appeal. The question of law presented by the record is whether or not it was within the competency of the newly constituted board to abrogate and set aside the order made by their predecessors as hereinbefore set out.

The Firemen's Pension Fund was established by an act of the Legislature, approved February 19, 1902 (Acts 1902, c. 2). The title of the act is as follows: "An act to amend an act entitled 'An act for the government of cities of the first class, approved July 1, 1893, for the better government, administration and disposition and discipline of the fire department, and to create and perpetuate a pension fund for disabled firemen, their widows and children and dependent fathers and mothers, and to create and perpetuate a board of trustees for the management and conduct thereof, and to pension members thereof after service of a term of years.' "

By section 17 of the act it is provided: "There may be levied and set apart by the general councils of cities of the first class a tax for the year nineteen hundred and three, not exceeding one cent on each one hundred dollars of value of the taxable property in said cities for said year as a fund for the pensioning of crippled and disabled members of the fire department, and their widows and dependent children under the age of fourteen years, and dependent fathers and mothers of deceased members of the fire department of said cities, and a like tax may be levied and set apart for the same purposes, for any succeeding year when the amount and value of property to the credit of the Firemen's Pension Fund falls below three hundred thousand dollars as of the date of the first of September, preceding."

Section 22 enumerates in large part the beneficiaries of the pension fund, but does not include by name pensioners who have been retired because of time service on the force.

Section 24 is as follows: "Any member of the fire department of such cities having served twenty years

or more consecutively in such fire department may make application to be relieved from such fire department, and if his application is granted, the said Board of Trustees shall order and direct that such person be paid a monthly pension equal to one-half the amount of the salary said person is or was in receipt of as a member of said department at the time of granting application."

Section 26 is as follows: "No person shall be entitled to receive any pension from the said fund except a regularly retired member or a regular member in said fire department, his widow and children under the age of fourteen years, and his dependent father and mother."

The lower court was of opinion that, because section 17 enumerates some of the beneficiaries of the pension fund to be established, but omits the time-service pensioners, therefore the latter are not entitled to participate in the fund created. We think, with all respect to the opinion of the trial court, this is entirely too narrow a view to take of the matter. The rule is elementary that a statute is to be construed so as to effectuate the purpose of the Legislature, and that in reaching this intention every word and phrase in the statute must be given full force and effect, unless in so doing a manifest inconsistency or absurdity is the result. The Constitution provides (section 51): "No law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title." The law under consideration relates to the establishment of a pension fund for disabled firemen, their widows and children, and dependent fathers and mothers, and to create and perpetuate a board of trustees for the management and conduct thereof, and to pension members thereof after

a service of a term of years. It is clear, then, from the title of the act and also from the preamble, that pensioning members of the fire department after service of a term of years was distinctly a part of the intention of the Legislature in enacting the law. While it is true section 17 does not enumerate pensioning firemen for time service as among the purposes for which the tax creating the fund is to be levied, this omission will not limit the beneficiaries of the fund established to those enumerated in this section, if it be clearly shown by other sections of the act that it was the intention of the Legislature that members of the force who had served 20 years or more might be made beneficiaries of the pension fund. Now, section 24 provides very plainly that any member of the fire department who has served 20 years or more, consecutively, in the fire department may be retired from the force, and the Board of Trustees of the Firemen's Pension Fund shall order and direct that such person be paid a monthly pension equal to one-half of the monthly salary he is or was in receipt of as a member of the department at the time of granting the application. The trial judges in their opinion say that, while those persons mentioned in section 24 are entitled to a pension, they are not to be paid out of the pension fund established by the act. It is difficult to understand how such a conclusion could be reached. There is but one pension fund established, and there is but one board of trustees. This board has the management and control, as set forth in the act, of the one pension fund established; and when section 24 provides that the Board of Trustees shall order and direct that such persons be paid a, monthly pension, the conclusion is irresistible that they are to be paid out of the pension fund established

by the act. Section 26 also shows that the regular retired members of the force are beneficiaries of the pension fund.

The view we have taken is made plainer by examining the companion act establishing a pension fund for the police department. These two acts are the same in substance, and were evidently drawn from the same model, although the verbiage is slightly different in parts of the acts. The ground upon which the circuit judges base their opinion does not exist in the act for the benefit of the police force. Turning to that act, we find by subsection 2 of section 2872a, Ky. St. (Russell's St. sec. 809), the same tax is authorized to be levied for the establishment of a pension fund for the benefit of the police force as is authorized for the establishment of a pension fund for the benefit of the fire department by section 17 of the firemen's act; and pensioners for time service are not therein distinctly enumerated, the language being that the tax is levied "as a fund for the pensioning, as hereinafter provided, of members of the police department, and the families of deceased members thereof in said cities," etc. Subsection 7 (section 814) provides by name for all the beneficiaries of the act except retired policemen, who are provided for by subsection 8 (section 815), which is as follows: "Any officer, member or employe of the police department of such cities, having served twenty-five years or more, whether consecutively or not, in such police department, may make application to be retired from service in such police department, and, if his application is granted, said board of trustees shall order and direct that such person be paid from said policemen's pension fund, a monthly pension equal to one-half the amount of salary said person was in receipt of as a

member of said department at the time of the grant-
ing of his application: Provided, that no such applica-
tion shall be granted, unless the person so applying
shall have reached the age of sixty years.''·

There is no substantial difference in subsection 8,
which provides pensions for retired policemen, and
section 24, which provides pensions for retired fire-
men, except that the language in subsection 8 is more
specific as to what fund the retired policemen's pen-
sion shall be paid from, it there being said that he
shall ''be paid from said policemen's pension fund.''
It was manifestly the intention of the Legislature to
establish precisely the same sort of pension funds for
policemen and for firemen, and section 24 means for
retired firemen exactly what subsection 8 means for
retired policemen. They are to be paid in precisely the
same way and exactly the same ratio of their former
salaries from the respective funds established by the
respective statutes.  Considering the manifest pur-
pose of the General Assembly to create for the two
departments pension funds in all substantial re-
spects the same, if we find the language in one act
somewhat vague or obscure on any given subject, but
the language in the companion act is, as to the same
subject, perfectly plain and obvious, we have a right
to consider the plain and unobscure language in one
act to clear up what is obscure or doubtful in the
other.  No one can compare subsection 8, which pro-
vides for policemen being pensioned for time ser-
vice, with section 24, which provides for like pensions
for firemen, without seeing at a glance that they
mean and were intended to mean the same thing.  Of
course, there are slight differences in the provisions
of the acts which do not in anywise change the con-
struction.  For example: The policeman must have

served 25 years, whether consecutively or not, while the fireman must have served 20 consecutive years next before the date of retirement. The policeman is required to have reached the age of 60 years before retirement; there is no such limitation on the fireman. But except such differences as these, the provisions of the two sections are the same, and mean the same thing. We feel sure, then, when we find in the policemen's act the provision that the retired pensioner is to be paid his pension from the policemen's pension fund, that the retired firemen are to be paid their pensions out of the firemen's pension fund, although this is not expressly stated; the language being that "the said Board of Trustees shall order and direct that such persons be paid a monthly pension," etc.

But returning to the construction of the firemen's act, and leaving out of view entirely the policemen's act, how can there be a doubt that the Legislature meant the time-service pensioners to be paid out of the one pension fund created by the act? All will agree that it is a most elementary rule of statutory construction that, if it be possible to avoid it, statutes must not be construed so as to be either absured or vain and illusory. Now, if the pensioners mentioned in section 24 are not to be paid out of the pension fund created by the firemen's act, from what fund are they to be paid? Is it not perfectly plain that if they cannot be paid out of the firemen's pension fund, they cannot be paid at all? Are we to conclude the General Assembly of the commonwealth of Kentucky solemnly enacted a mode by which firemen could be retired from active service after a certain number of years of continuous service and the Board of Trustees

directed to make an order that they be paid a pension monthly without providing a fund from which the payment was to be made? Certain it is we must make some answer to the question which arises at once when we seek to construe section 24, as is done in the opinion of the trial judges. We must either say the pensions mentioned in the section are to be paid out of the one fund created by the act, or we must say the Legislature in enacting section 24 did either an absurd or a vain and illusory thing. It is our duty to construe, if possible, the act into one reasonable, harmonious whole. This can be done by gathering the legislative intent from the whole act, giving to every word and phrase its plain and obvious meaning; and when this is done there can be no reasonable doubt that the pensioners mentioned in section 24 are to be paid out of the one fund created by the act. The title of the act and the preamble both declare in express words that the pensioning of firemen after a term of service is a part of the legislative intent in creating the fund; and section 24 in plain language provides the mode for the firemen to be retired and pensioned. We must also bear in mind that there is no imperative reason for placing all of the purposes for which the tax is to be levied in one section of the act; it would be more artistic, perhaps, more logical, to have done so; but if all of the purposes for which a tax is to be levied are set forth in the act authorizing its imposition, although not contained in any one section, the requirements of section 180 of the Constitution, that "every act enacted by the General Assembly, and every ordinance and resolution passed by any county, city, town or municipal board or local legislative body levying a tax, shall specify distinctly the purpose for which said

266        KENTUCKY REPORTS.        [Vol. 139.

Tyson v. Bd. Trustees Firemen's Pension Fund, City Louisville.

tax is levied, and no tax levied and collected for one
purpose shall ever be devoted to another purpose,"
are sufficiently complied with.  Indeed, there was no
reason why the different beneficiaries of the fund
should be set forth by name; it would have been suf-
ficient if it had been stated that the purpose of the
tax was to create the fund contemplated by the act,
without going further into the details. . But passing
this without further elaboration, we think it is a suffi-
cient compliance with section 180 of the Constitution
if all of the purposes of the tax are to be found in
the act creating the fund.

We agree with the trial judges in the conclusion
they reached—that if there is authority in the pen-
sion act for the retirement of the appellant from ac-
tive service, and to put him on the pension roll, then
appellee had no power to set aside the act of its prede-
cessor, unless there was fraud or chicane in the order
of retirement.  This is not pretended in the case be-
fore us.  On the contrary, the evidence shows without
contradiction that appellant had served as a fireman
continuously for more than 30 years and that by rea-
son of much hardship and many personal injuries re-
ceived in the faithful discharge of his duty, his health
has been wrecked and that.he is no longer physically
able to discharge the duties of a fireman.  This being
true, appellee had no authority to remove appellant
from the pension roll of the firemen's pension fund.

The case of the Board of Trustees v. Mc-
Crory, 132 Ky. 89, 116 S. W. 326, 21 L. R.
A. (N. S.) 583, is not authority for appel-
lee's position—that. courts of justice are with-
out authority to review any of its actions in re-
gard to the pension fund. The case cited construed
section 19, which provides, in substance, that the

board shall hear and decide all applications for relief or pensions under the act, and its decisions on such applications shall be final and conclusive, and not subject to revision or reversal, except by the board. Mrs. McCrory had made application to be placed on the pension roll, and the board, having heard her application on the merits, rejected it; and we held that the courts could not review that decision, although they might disagree with the finding of the board. It will be observed that it is only the board's decision on applications for relief or pensions under the act that are not subject to revision; and this was what was held in the McCrory case. We have a different proposition before us. Here, the board acted and granted the relief prayed for by appellant, and now a succeeding board undertakes to revise the decision of its predecessor and set aside its order. There is no language in the act which authorizes this action on the part of appellee. This being true, there was no authority for the action of appellee, and the writ of mandamus as prayed for in the petition should have been awarded.

For these reasons, the judgment is reversed for further proceedings consistent with this opinion.