## STATE ex DRAGE v JONES, et, etc

Ohio Appeals, 9th Dist, Lorain Co

No 546. Decided Dec. 22, 1930

R. H. Rice, Elyria, Leonard Smith, and D. A. Baird, Elyria, for State ex.

Fauver & Fauver, Elyria, for Jones, Stevens & Stolzenberg.

**WASHBURN, J.**

This case therefore turn upon the question of whether such rules and regulations are now in force and binding upon said trustees.

By the amendment of the law which became effective July 11, 1929, the old law under which said fund had been created and its disbursement entrusted to trustees chosen by the police department, was specifically repealed and a new law was passed creating a new board of trustees, to whom the ownership of said fund was transferred, and that board, as was the old board, was empowered and required to "make all rules and regulations for the distribution of the fund, including the qualifications of those to whom any portion of the fund shall be paid, and the amount thereof." The law also provides that "no rules or regulations shall be in force until approved by a majority of the board of trustees." **4628 GC.**

The law also preserves the rights of "all persons drawing pensions or entitled to them" from the old fund, but that section (4629 GC) is of no significance so far as the relator is concerned, for she was not drawing a pension or entitled to one when the old law was in effect; she was not then a widow of a pensioner, she was merely the wife of a pensioner, and had no rights until she became a widow, which was long after the new law went into effect.

This section is of some significance on the general question we are considering, insomuch as there is no reference made therein to rules and regulations, and in another section it is specifically provided that no rules or regulations shall be in force until approved by a majority of the new board of trustees.

The new law made it the mandatory duty of the new board to make rules and regulations; this it could do by adopting the old rules or regulations or making new ones; the legislature could have provided that the old rules or regulations should remain in force until changed by the new board, but it did not do so but on the contrary specifically provided that "no rules or regulations shall be in force until approved by a majority of the board of trustees." (4628 GC.)

It is said that "there is no express intention to wipe the slate clean and start again on a new basis," but it seems to us that such intention is plainly indicated by the provisions above referred to, and that such was the purpose of the changes made in the law. The old law left the distribution of the fund to some of the very persons for whose benefit the fund was created: to the representatives of the beneficiaries of the fund. Insomuch as the law made it mandatory to raise the fund by taxation, the legislature thought it best to give to the taxpayers a voice in the distribution of the fund by membership on the board of trustees. That membership would be of little avail if the old rules or regulations were to remain in force, with no power of change without the vote of at least one representative of the benficiaries.

In considering this matter it must be kept in mind that a pension of this character is in the nature of a gratuity and that the law does not recognize a vested legal right to a pension to be granted by the government, nor in the continuance of a pension already granted, which the legislature may not modify or take away entirely by repealing the statute providing for such pension; hence, the legislature had a perfect right to repeal said laws, and in doing so the rights under said laws were preserved only to the extent specified by the legislature, and in this instance the legislature failed to provide that the old rules or regulations should remain in force but did make provisions which we think plainly indicate that there should be no right to be granted a pension after the new law became effective except in accordance with and under rules and regulations approved by the board of trustees created by the new law.

When the new rules and regulations are made, they may be adopted as of a date which will provide for the relator, if that be the desire of the trustees, but at the present time the relator is not entitled to the relief she seeks and her petition is therefore dismissed at her costs.

At the hearing of this case we said all that is necessary regarding the advisibility of the trustees agreeing upon a seventh member, so that the trustees may perform their mandatory duty to make rules and regulations fixing the qualifications of those to whom any portion of said fund shall be paid and the amount thereof, in addition to those beneficiaries whose right to existing pensions is preserved by the law.

Funk, PJ, and Pardee, J, concur.