## In re GOODWIN.

### VOLTZ v. GOODWIN.
### No. 5829.

Circuit Court of Appeals, Sixth Circuit.
March 14, 1932.

Geo. C. Dissette, of Cleveland, Ohio, for appellant.

F. B. Douglass and W. J. Dawley, both of Cleveland, Ohio (Harold H. Burton, of Cleveland, Ohio, on the brief), for appellee.

Before MOORMAN and HICKENLOOPER, Circuit Judges, and HAHN, District Judge.

MOORMAN, Circuit Judge.

This is an appeal from a decision of the District Court holding that the pension of a bankrupt, a retired fireman of the city of Cleveland, did not pass to his trustee to be administered as an asset of his estate.

The bankrupt's claim to the pension is founded on an ordinance of the city enacted pursuant to sections 4600–4615, both inclusive, of the General Code of Ohio. These statutes, after authorizing the city to create a pension fund for retired firemen, provide that it shall be administered by a board of trustees which shall make rules and regulations for the distribution of the fund "including the qualification of those to whom any portion of it shall be paid and the amount thereof." They further provide for the levying of a municipal tax of not exceeding three-tenths of a mill upon the real and personal property listed for taxation in the municipality to maintain the fund, but authorize the board to receive voluntary contributions from members of the fire department, such contributions as any member may make to be deducted "from his monthly pay" and to be used "to increase the pension which may be granted" to him or his beneficiaries.

Upon entering the fire department the bankrupt agreed to contribute to the fund a sum equal to one-half of 1 per cent. of his salary during his active membership, the amount not to exceed in any case the sum of $15 a year. At the time of his adjudication in bankruptcy he was drawing a pension of $100 a month. The claim of the trustee is based on title 11, section 110, of U. S. C. (11 USCA § 110), which declares that, upon the appointment and qualification of a trustee, he shall be vested with the title of the bankrupt to all property "which prior to the filing of the petition he [the bankrupt] could by any means have transferred or which might have been levied upon and sold under judicial process against him." It is argued that under the Ohio law which is said to be controlling the claim of the bankrupt to the pension at the time of the filing of the petition was so far a vested right as to be transferable, and thus passed to his trustee under the above provision of the Bankruptcy Act.

We find nothing in the Ohio statutes or decisions that supports the appellant's contention. Contrarily it has been intimated by the courts of that state that such a pension is

a gratuity in which the recipient has no vested legal right. See State ex rel. Price v. Farley, Mayor, 22 Ohio Cir. Ct. R. 48; Holmes v. State ex rel., 93 Ohio St. 480, 113 N. E. 1070, affirming the decision of the Court of Appeals in 5 Ohio App. 1, and State ex rel. v. Jones et al., 37 Ohio App. 413, 174 N. E. 783. Where a pension is paid exclusively from public funds, it is regarded as a bounty arising from considerations of gratitude for services rendered, and may be given or withheld, continued or recalled, within the discretion of the donor. Walton v. Cotton, 19 How. 355, 15 L. Ed. 658; United States v. Teller, 107 U. S. 64, 68, 2 S. Ct. 39, 27 L. Ed. 352; Frisbie v. United States, 157 U. S. 160, 166, 15 S. Ct. 586, 39 L. Ed. 657. Obviously there is no transferable or vested right to such pension. It has also been held that a pension fund established and maintained by tax levies, but to which prospective beneficiaries have contributed, is a public fund in which the contributors have no vested rights which cannot be taken away by subsequent legislation. Pennie v. Reis, 132 U. S. 464, 10 S. Ct. 149, 33 L. Ed. 426; State ex rel. v. Board of Trustees, 121 Wis. 44, 98 N. W. 954; State ex rel. v. Board of Trustees, 192 Mo. App. 583, 184 S. W. 929, 188 S. W. 239; Barnett v. Pension Commission, etc., 100 N. J. Eq. 473, 136 A. 317. A case in point, is In re Hoag (D. C.) 227 F. 478, 480, where it was held that a pension granted to a retired city employee was not a vested right, but a bounty which until received in his hands neither passed to his trustee nor was subject to execution.

The only distinction between the cases last cited and the case at bar is that there the contributions were exacted from the beneficiaries and here they were voluntarily given. In neither circumstance is the pension to be considered as due and unpaid compensation for services rendered. Whether a voluntary contribution gives rise to a vested right not created by compulsory contributions we need not decide, for certainly to the extent that the bankrupt's pension is payable from public funds it is a gratuity which the municipality may withhold or discontinue at will. On that point the case is different from Ball v. Board of Trustees, 71 N. J. Law, 64, 58 A. 111, and other cases cited by appellant involving funds raised exclusively by contributions. What part of the bankrupt's pension will hereafter be paid from funds raised by taxation and what part, if any, from contributions that have been or will be made does not appear, but, in view of the fact that provision is made for such pensions apart from personal contributions, which as permitted are incommensurate with the benefits received, we cannot doubt that all subsequent payments which he may expect to receive will be made in so large a part from public funds as to give them the character of gratuities. Without considering the purposes underlying the granting of pensions to municipal and other governmental employees (see Manchester v. Burns, 45 N. H. 482; Seventy-First Street & Broadway Corp. v. Thorne, 157 A. 851, 10 N. J. Misc. R. 99) it is sufficient to say that, before any such pension may be subjected to the demands of creditors, it must be made to appear that no part of it is a public bounty. Lacking such evidence in this case, the judgment must be affirmed.