## Rohe v. City of Covington et al.

(Decided June 22, 1934.)

STEPHENS L. BLAKELY and JOHN T. MURPHY for appellant.

S. W. ADAMS and RALPH P. RICH for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Alleging that William Henry Rohe, while a member of the police department of the city of Covington, died from "influenza, causing and followed by a gangrenous impaction of the lower right lung," and that said disease came about by reason of his occupation and as a result of his services in the police department, and that by reason thereof she and their infant children under the age of 14 were entitled to a pension, Frances Mary Rohe, widow of William Henry Rohe, brought this action against the city of Covington and the members of the board of trustees of the police and firemen's pension fund to recover a pension of $30 a month for herself, and of $6 a month for each child until the child became 14 years of age. Later on she filed an amended petition reiterating the allegations of the original petition, and averring that "she did present her application to the Board of Trustees of the Police and Firemen's Pension Fund as set out in the petition, and that the said members of the Board of Trustees of the Police and Firemen's Pension Fund arbitrarily, unlawfully and in fraud of this plaintiff's rights and contrary to the provisions of the law and the facts presented to them, rejected plaintiff's claim and have refused to pay this plaintiff the pension to which she is entitled by law, or any part thereof." The amended petition concluded with a prayer for an order directing the defendants to pay from the pension fund of the city the sum of $30. a month to plaintiff so long as she remained unmarried, and to each of her four children the sum of $6 a month until such child reached the age of 14 years. A demurrer was sustained to the petition as amended, and, plaintiff having declined to plead further, the petition was dismissed. Plaintiff appeals.

The charters of cities of the second class authorize the imposition of a tax for the creation of a pension fund for the benefit of policemen and firemen under certain conditions and for the benefit of the unmarried widow and children under 14 years of age of any member of the police or fire department who shall, while in the performance of his duty, be killed or die as a result of an injury received in the line of his duty, or of any disease contracted by reason of his occupation, or shall die from any cause whatsoever as a result of his services in the department. Sections 3142b-4 and 3142b-9, Kentucky Statutes. The statute, after creating a board

166

of trustees of the police and firemen's pension fund, to be composed of certain officers of the city and representatives from the police and fire departments, and giving to the board the exclusive control and management of the pension fund, sections 3142b-3 and 3142b-5, Kentucky Statutes, contains the following provision:

> "The said board shall have all needful rules and regulations for its government in the discharge of its duties, and shall hear and decide all applications for relief or pensions under this act, and its decision on such applications shall be final and conclusive, and not subject to revision or reversal, except by said board, and a record shall be kept of all the meetings and the proceedings of said board."

Section 3142b-6, Kentucky Statutes.

The question presented is whether the courts, in face of the statute declaring that the decision of the board of trustees of the police and firemen's pension fund shall be final and conclusive, may order its members to grant a pension upon allegations that in refusing the application they acted "arbitrarily, unlawfully and in fraud of plaintiff's rights, and contrary to the provisions of the law and facts presented to them." Cases arising under the Workmen's Compensation Act (Ky. Stats., sec. 4880 et seq.) are not in point. Although the act provides that the order of the board upon a review shall be conclusive and binding as to all questions of fact, power is given to the courts not only to decide whether the order, decision, or award was procured by fraud, but, if findings of fact are in issue, to determine whether such findings of fact support the order, decision, or award. Section 4935, Kentucky Statutes. Nor is the case of Henderson v. Lane, 202 Ky. 610, 260 S. W. 361, controlling. In that case there was no prohibition against interference by the courts, and we merely followed the general rule that the courts will interfere to protect an incumbent in the enjoyment of his office by enjoining his unlawful removal, or ordering his reinstatement after he has been unlawfully removed. Nor does appellant's case find any support in Tyson v. Board of Trustees, 139 Ky. 265, 129 S. W. 820. There the board had granted Tyson's application for a pension. Subsequently the personnel of the board changed and the board rescinded its action. As Tyson's right to

the pension had become vested and the board was without authority to rescind its action, we held that mandamus would lie to compel his reinstatement. Indeed the granting of a pension in the first instance does not stand on the plane of a contract right or right vested by statute. A pension is a bounty springing from the appreciation and graciousness of the sovereign, and may be given or withheld at its pleasure. People ex rel. Donovan v. Retirement Board P. A. & B. F., 326 Ill. 579, 158 N. E. 220, 54 A. L. R. 940. It is for the Legislature to say what classes of persons shall receive pensions, and to fix the terms and conditions on which they will be granted. Statutes creating a pension fund for policemen and firemen usually place in the hands of the pension board created to manage and control the fund the power to determine who shall be entitled to the pension benefits and make its action in such matters final and conclusive. As a provision to that effect is well within the legislative power, the remedy is exclusive, and the civil courts are without jurisdiction to review the judgment of the board. U. S. v. Babcock, 250 U. S. 328, 39 S. Ct. 464, 63 L. Ed. 1011; State v. Fireman's Pension Fund, 117 La. 1071, 42 So. 506, 8 Ann. Cas. 945. For these reasons we held in Board of Trustees v. McCrory, 132 Ky. 89, 116 S. W. 326, 21 L. R. A. (N. S.) 583, that, where the statute makes the decision of the board final, mandamus will not lie to control its action, even though the court may be of the opinion that the board erred in refusing to grant the pension. Being without jurisdiction, we cannot review the facts, even though the members of the board arbitrarily, unlawfully, and in fraud of plaintiff's rights, and contrary to the provisions of the law and facts presented to them, rejected plaintiff's claim. It follows that the demurrer to the petition as amended was properly sustained.

Judgment affirmed.