FERDINAND BADER, PETITIONER, v. ARTHUR E. CRONE, CITY TREASURER, AND OTHERS, RESPONDENTS.

Argued January 21, 1936—Decided April 14, 1936.

Before Justices CASE and BODINE.

For the petitioner, *Vincent D. Manahan, Jr.*

For the respondents, *William Newcorn.*

The opinion of the court was delivered by

CASE, J. The single question involved in this controversy is whether chapter 171 of the laws of 1935 serves to increase from two per centum to four per centum the amount which a municipality shall deduct from the pension of a police officer who, before the passage of the act, had been retired and had elected to have his pension payments continued after his death in favor of his wife.

Bader, a member of the Plainfield police department, was retired April 15th, 1935. At the same time he consented to the deduction of two per cent. monthly from his pension in order that his wife might have the pension continued after his death.

The pertinent statute is chapter 160 of the laws of 1920 (*Pamph. L., p.* 324) which provided in section 1 that any policeman or fireman who has met the conditions shall "be retired on half pay and the widow of every retired member of such police or fire department, who, while a member of such department having paid into the fund the full amount of his annual assessments or contributions and continued so to do after his retirement until his death * * * shall * * * receive a pension equivalent to one-half of the pay of her deceased husband at the time of his retirement * * *" and in section 4, as the statute then was, that "a fund shall be created in the following manner for the purpose of paying such pensions, to wit: There shall be deducted from every payment of salary to such member of the police and fire departments in such municipality two per centum of the amount thereof * * *. The municipality shall raise by taxation and pay into said fund yearly an amount equal to four per centum of the total salaries paid to the members of the police and fire departments. There shall

also be added to such fund the following moneys: All fines imposed upon any member of the police and fire departments; all moneys given or donated to such fund; all moneys deducted from the salary of any member of the police or fire department on account of absence, or loss of time, and one-half of all rewards paid for any purpose. In case there shall not be sufficient money in said pension fund created as aforesaid, the common council or other governing body shall include in any tax levy a sum sufficient to meet the requirements of said fund for the time being."

Shortly after Bader's retirement section 4 of the statute was amended by chapter 171 of the laws of 1935. By the amendment the compulsory deduction from the salary of each member of the police and fire departments was increased to four per centum, and a fresh source of increment to the fund was provided in that certain tax receipts from foreign insurance companies doing business within this state were added. The city treasurer, complying with what he understood to be the requirements of the amended statute, increased the monthly deductions from Bader's pension from two per centum to four per centum, and it is that added deduction which the petitioner seeks to recover by writ of *mandamus*. The appropriateness of the proposed remedy is not questioned.

Petitioner frames his argument under two points, first, that the 1935 statute does not authorize the deduction of four per centum from the pension where the retirement preceded the enactment of the amendment, and, second, that the 1935 amendment is not retrospective.

The pension to the widow is an outbranch of the retirement payment to the policeman in that it is premised upon the previous service and the contributory payments, while in service, of the policeman, although it is distinguishable in that supporting contributory payments must be made by the policeman until his death. It appears to be the general rule, and is certainly the rule in this state, that compulsory deductions from the salaries of governmental employes by the authority of the government for the support of a pension fund create no contractual or vested right between such employes

and the government, and neither such employes nor those claiming under them have any rights except their claims be based upon and within the statute governing the fund. *Bennett* v. *Lee,* 104 *N. J. L.* 453; *Plunkett* v. *Board of Pension Commissioners,* 113 *Id.* 230; *affirmed,* 114 *Id.* 273. There can be no doubt that under this rule the 1935 amendment would have increased the compulsory deductions from Bader's salary from two per centum to four per centum had he still been in active service at the time of the enactment. We believe that the enforced contributions from the pension of a policeman who desires to preserve his pension privileges to his wife in the event that she outlives him are of a kind, in so far as legislative control thereover is concerned, with those mandatorily made from his salary payments during the years of his active service. Obviously the intention of the legislature is to preserve a solvent fund against the happening of the pivotal event, retirement in the one case and death in the other, upon which the right to a pension depends. The reliance of Bader, and of his wife if she survived him, is upon the adequacy of the fund to meet its obligations. We do not understand that the ultimate obligation placed by the 1920 statute—and still retained—upon the municipality to provide for a deficiency in the pension fund by the general tax levy is intended to do more than to tide over the needs "for the time being." It is quite clear, we think, that the deductions from the retirement payments bear the same relationship to the widow's pension that the deductions from salary for active service bore to the policeman's retirement payment; and just as in the latter instance the statutory contribution may be increased until the time for retirement arrives so in the former may the contribution be increased until that pension becomes an accomplished fact. We find nothing in the statute as it was at Bader's retirement to indicate that the contributions to be required from him for the support of his wife's pension would remain unchanged during his life. The obligation upon him to continue to contribute to the fund "after his retirement until his death" carried, we think, no impairment of the legislative power to

determine in what amount he and all others so situated should be called upon to contribute. The widow's pension is incident to the general scheme and subject to the application of the same legal principles.

We agree that the 1935 statute is not retrospective and should not be so interpreted, but we do not consider that the statute has been given any such application. No effort was made to increase the contributions by the petitioner prior to the passage of the enactment. Nothing is being done that goes back of that time. The application of the statute to the current monthly deductions anticipatory of the ultimate payment of a widow's pension is no more retrospective than is the current monthly deduction from the salary of a policeman whose active service began before the statute was adopted and who has not yet arrived at the age of retirement.

Our conclusion is that the petitioner is not entitled to the recovery sought by the *mandamus* applied for, and the rule will therefore be discharged. If petitioner desires to review this decision, he may enter a rule allowing and directing a moulding of the pleadings for that purpose.