## Bishop v. Marcum, Mayor, et al.

(Decided Feb. 25, 1938.)

ZEB A. STEWART for appellant.

R. C. BROWNING and J. B. JOHNSON for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

Mrs. Bishop was unsuccessful as plaintiff in the trial court, and has appealed. On January 27, 1935, her husband Robert G. Bishop died of nephritis, after an illness of 28 days. He was then and for about 10 years had been a policeman of the city of Corbin, Ky. His wife, Etta Bishop, survived him and has not remarried.

Corbin had then an insurance fund of about $800 accumulated under the provisions of section 3351a-1 et seq., Kentucky Statutes. In due season Mrs. Bishop made application to the board of trustees of the pension fund, the appellees here, to be placed upon the pension roll and to be paid a pension of $30 per month as provided by section 3351a-9, Kentucky Statutes.

On January 30, 1936, the board met and the minutes of that meeting show this action was taken:

"On the call of the President of the Board of Trustees of Policeman and Fireman's Pension fund of the City of Corbin, met in the office of the Mayor, S. B. Marcum, at the Corbin Deposit Bank, Corbin, Whitley County, Kentucky, to transact any business that might come before the board. The claim of Mrs. Etta Bishop, wife of Policeman Robert G. Bishop, deceased, which had been pending before the Board for sometime, come before the Board, and after discussing all of the evidence submitted and giving it due consideration, the Board was of

the opinion unanimously, that Mrs. Etta Bishop was not entitled to be placed on the pension roll of the policeman and fireman's Fund, in that policeman Bishop's death was not caused by reason of his services as a policeman, having died of nephritis and heart complications. Members present, Mayor S. B. Marcum, Fire Chief Paris Salmons, President of the Board and George W. Jenkins, Secretary of the Board."

On March 9, 1936, Mrs. Bishop filed this action against the board of trustees of the pension fund and asked that by mandamus they be required to meet and allow her a pension of $30 per month.

In its answer the board pleaded that it had considered Mrs. Bishop's claim and had decided Mr. Bishop did not die of any disease contracted by reason of his services as a policeman, and that by the provisions of section 3351a-6 its action is final. The trial court adopted that view of the statute, and dismissed her petition. From the stipulation filed relative to the evidence of Mrs. Bishop's attending physician, it seems to be agreed:

"That the said Bishop died from causes which grew out of his exposure during the time he was performing his duties as a policeman of the City of Corbin."

That may all be true, yet the board rejected the claim, and by section 3351a-6, Kentucky Statutes, that action is made final. We so held in Rohe v. City of Covington, 255 Ky. 164, 73 S. W. (2d) 19. Therefore, the judgment is affirmed.