## Miller v. Price et al.

April 19, 1940.

King Swope, Judge.

John L. Davis and Joseph L. Arnold for appellant.

William A. Minihan for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming.

Appellees, Board of Trustees of the Police and Firemen's Pension Fund, of Lexington, were defendants below in a suit wherein appellant then plaintiff, sought mandatory order to direct the Board to place his name on the retired pension list, under circumstances and statutes hereinafter mentioned. The court sustained a special demurrer, and from an order dismissing the petition after plaintiff elected to plead no further, appeal is prosecuted.

From the petition, the facts stated being admitted on demurrer, we find that appellant began his service as fireman on January 17, 1918, and continued actively as such until December 16, 1937, when he was compelled to forego active service because of disability; that he was a *member* of the department for nineteen years and eleven months, and had served consecutively for more than five years before his retirement on account of the disability. Section 3142b-11, K. S.

In May of 1938 he filed with the Board an application to be placed on the pension roster, and after a hearing the Board rejected his application, and he charges that in so doing the Board acted arbitrarily, unlawfully, in fraud of his rights, and contrary to the provisions of applicable laws.

He asserts that the pension fund is partly made up by a one per centum assessment on each fireman; that the Board made the assessment, which he paid out of his monthly salary during the period of his active service. He contends that he thereby acquired a vested right in said fund, of which he could be divested only by due process of law.

Appellant's salary was $130 per month, which was paid him up to May 1, 1937, several months before he was retired on account of disability; hence he contends that he is entitled to be paid from the fund $65 per month during his lifetime. He follows his assertions with such technical pleas as are ordinarily required where injunctive relief is sought. The special demurrer challenged the jurisdiction of the court, and was based upon Section 3142b-6, Kentucky Statutes, which reads:

"The said board shall have all needful rules and regulations for its government in the discharge of its duties, and shall hear and decide all applications for relief or pensions under this act, and its decision on such applications shall be final and conclusive, and not subject to revision or reversal, except by said board."

The court filed as part of the record a very comprehensive opinion, setting out his reasons for sustaining the special demurrer. In his opinion the court recites a fact which does not appear in the pleading, but, as is shown by a filed record of his court and of this one, that on December 28, 1937, appellant was dismissed by action of the city commissioners, "because of inefficiency as the result of injuries sustained not in the line of duty." We observe that the injury was caused by the falling of a shot gun, resulting in the loss of "most of his foot." This accident occurred at his home in October of 1935, since which time he did no fire duty. He also had an impediment in his speech, and was slightly deaf. Following his accident, and up to December 1937, appellant drew $472.54, but not as pension.

On December 24, 1937, appellant prosecuted an appeal from the action of the commissioners to the circuit court, and after a hearing that court, on January 25, 1938, dismissed the appeal, because the "appellant was obviously unfit for duty as fireman, and his injury had been received while not in the line of duty." The appellant did not prosecute an appeal from the order dismissing. Section 3142b-11, Kentucky Statutes, differs from Section 3138-5, in which latter appeals are allowed.

The court pointed out that appellant was met at the threshold of his quest by the challenge to jurisdiction, based on the provisions of the statute quoted.

"Counsel recognizing the application of the section, contend that the same is violative of both the State and Federal Constitutions, since the applicant has a vested right in the fund, of which right he may only be divested by the due process of law, which, as is claimed contemplates appeal from a decision of the Board, both as to law and fact."

The court then points out the fact that the section under question "definitely limits the terms upon which" an employee "claiming under it may be entitled to its benefits." Speaking of the fund, the chancellor said:

"It is not in the nature of an insurance policy, and the fireman * * * does not have a vested right in same, per se, but his right * * * becomes vested only when by the terms of the act and a finding of the Board, such claimant is declared to be entitled to benefits."

The court then refers to and quotes from our cases: Board of Trustees of Firemen's Pension Fund v. McCrory, 132 Ky. 89, 116 S. W. 326, 21 L. R. A., N. S., 583; Rohe v. City of Covington, 255 Ky. 164, 73 S. W. (2d) 19; Bishop v. Marcum, 272 Ky. 322, 114 S. W. (2d) 126, and cases cited therein, which placed adverse construction on the section, supra.

The court remarked that counsel for appellant, perhaps, had overlooked the provisions of Section 3142b-9, Kentucky Statutes, which provides that the Board might retire any employee under its jurisdiction, when such employee shall become permanently disabled, "provided no such retirement on account of disability shall occur unless said member has contracted said disability, while on duty in the service of said police or fire department." The court found that since the appellant's petition failed to state that disability occurred in the line of duty, it was demurrable. This ruling is not the subject of discussion in the briefs, since counsel express the intention to and discuss only the pivotal question.

The court found as a matter of law, that while the 1938 amendment to Section 3142b-11 (Acts 1938, c. 102) undertook to reduce the twenty years' service (for appellant's benefit), it did not in anywise have the effect of altering the specific requirement or provision of Section 3142b-6, and we agree in his conclusion. We also

agree in the sympathetic expressions by the chancellor toward appellant.

Counsel for appellant concedes that this court in the Rohe and Bishop cases, supra, held that the action of the Board, as is provided by statute, is final, but "in spite of these decisions," asks this court to hold that the provision upon which the court based his refusal to take jurisdiction, following the decisions, supra, is violative of the 14th Amendment to the Federal Constitution, and Sections 2 and 14 of our Constitution. They contend that in the cases mentioned (and others) the controversial questions here raised was not discussed.

It is pointed out by counsel, the pension fund is made up (a) by a tax levy, (b) gifts, contributions, etc., and (c) a levy of one per cent of the employee's salary, and they say that "in fact appellant was assessed and did pay the assessment," during his period of service. "This being true, the pension to which he claims to be entitled, is not a gratuity or bounty," as we held in the Rohe case. It is argued that in that case it did not appear that the authorities had undertaken to assess the employee, hence there is a distinction between the Rohe case and the one in hand.

Counsel quotes from Stevens v. Minneapolis Fire Relief Association, 124 Minn. 381, 145 N. W. 35, 36, 50 L. R. A., N. S., 1018. The question discussed mainly, was whether or not after Stevens had been placed on the disabled pension roll, he could thereafter lawfully be stricken on the Board's finding that he had recovered from disability. On the facts the trial court ordered him reinstated, and on appeal this ruling was upheld. It was there contended that the pension was a mere gratuity, but the court found otherwise, on the ground that the pensioner had contributed a certain sum each month to the fund.

It is stated in the opinion, in part, that "by the payment of dues by the members of the fire department, who may ultimately become pensioners, and the rights acquired by the firemen are analogous to those possessed by members of mutual benefit societies." The court observed that Steven's name was stricken from the roll without notice or hearing, and hinted that such was manifestly an arbitrary action on the part of the association, and therefore took cognizance of the case be-

cause the "determination affects the vested legal rights of the pensioner, and he should be afforded an opportunity to protect and defend those rights."

In the notes to the Stevens case it is observed that the lack of due process of law was in the failure to give pensioner an opportunity to be heard. It was also noted that the Stevens case can "hardly be said to be opposed to cases cited in the present note, to the effect that a pensioner has no vested legal right in a pension which the legislature may not modify or take away," citing a list of decisions of various jurisdictions to this effect, including Head v. Jacobs, 150 Ky. 290, 150 S. W. 349.

The Stevens case is quoted in Penquite v. Dunn, 123 Kan. 528, 256 P. 130, 191, and is referred to by counsel, chieflly on the denial of appeal, but it is apparent from a reading of the case that there was under consideration no such final statute as we are dealing with. The court said:

> "The statute does not say so in express terms. And without an express statutory grant of such power, this court would be loath to give its sanction to any official board's claim to such an undemocratic prerogative. * * * The right of resort to the courts will not be deemed to have been taken away by mere inference; and, if it can be done at all, it will only be where the restriction is stated in the clearest * * * terms."

On the other proposition the court said:
> "It hardly needs to be emphasized here that by virtue of plaintiff's contributions to the creation of the firemen's relief fund he had an interest in that fund which could not be cut off by the mere ex parte nonjudicial action of the board, where plaintiff had no chance to present his side of the controversy."

The case of Graef v. Department of Health, 131 Misc. 258, 227 N. Y. S. 82, is cited on the latter point, but as in it and other cases cited, and in most of those we have reviewed, all are based on the pensioner's rights after he had been placed on the roll, a distinction we recognize (in dictum) in the Rohe case, citing Tyson v. Board of Trustees of Firemen's Pension Fund, 139 Ky. 256, 129 S. W. 820, which did not turn on a claim of vested rights. The same distinction is recognized

in other reported cases. In all the cases reviewed, wherein it is held that the right vests after a pensioner's name has been placed on the rolls, that right is not full and complete, because always subject to subsequent action of legislative bodies. And we think these and the Rohe case control.

Counsel contends that such cases as hold that there is no vested right in a pension fund, may be roughly divided into two classes. (1) Such as soldiers' pensions, which are pure gratuities, and (2) cases "where the deduction from the officer's salary is compulsory." If this is a sound conclusion then the argument is ended, because in no sense of the word can we conclude that the payment of the one per cent per month by appellant was gratuitous, or not under compulsion.

Appellant says he was assessed and paid. The act was not voluntary on his part. It is true, as contended under Section 3142b-5, Kentucky Statutes, it is discretionary with the Board whether or not they will assess, but when they do then the Board deducts the levy from his monthly salary. The amount so deducted from the salary is placed to the credit of the fund by the city treasurer, and held subject to the orders of the Board. The act of payment by deduction is in no sense a voluntary one. Clarke v. Reis, 87 Cal. 543, 25 P. 759; Burke v. Board of Trustees, 4 Cal. App. 235, 87 P. 421.

We might well assume that if a member refused to meet the requirements of the Board, he would not long remain a member. Assuredly, if he did not comply, he would not be heard to insist that he participate. There was here no optional contribution as was the case in Ball v. Teachers' Retirement Fund, 71 N. J. L. 64, 58 A. 111. In a recent case, though in facts not exactly in point, the court made it clear that there was no complete vested right, even after the employee had his name placed on the roster. City of Dallas v. Trammell, 129 Tex. 150, 101 S. W. (2d) 1009, 112 A. L. R. 997.

It appeared that Trammell had served the required length of time, and had been placed on the pension roll at $183.33 per month, and had for some time drawn the amount. Later the legislature authorized the Board to reduce the basic amount, and it applied its power to his case and cut him to $72.36 per month. He was of a

class, and in the suit it was contended that since he had accepted the benefits of the applicable laws upon his entry into service, and had complied with all its terms, he had a vested right of which he could not be constitutionally divested.

His compliance, in part, was by consenting to the deduction of one per cent of his monthly salary put to the fund. Trammell's contention in the above case was similar to the case here, but the court distinctly held that the fact that part of the fund was made up by deductions from salary, did not of itself give the pensioner a vested right in the fund, and did not make it any the less a public fund. Pennie v. Reis, infra. There seems to have been no contention as to the right of the Texas court to assume and hold jurisdiction.

The reason for the distinction made in the Rohe case, and others referred to above, is set out in Dillon on Municipal Corporations, 5th Ed., 431, and quoted at length in Dallas v. Trammell, supra. The Texas court suggested that the Dillon text (fully quoted) was deduced largely from Pennie v. Reis, 132 U. S. 464, 10 S. Ct. 149, 33 L. Ed. 426, but that it was in the latter part illogically applied by the text writer, because the payment of pension on retirement was to be paid in a lump sum, a liquidated demand, rather than in installments. However, the main portion of the quotation has been followed in many instances.

The court, in the Trammell case, cited cases in which it had been held that it was well settled that the circumstance that the pension fund is made up partly of deductions from salaries does not in itself give the pensioner a vested right in the fund, and does not make it any the less a public fund which may be controlled by proper authorities. Among these were: State v. Board of Trustees, 192 Mo. App. 583, 188 S. W. 239; State v. Board of Trustees of Policemen's Pension Fund, 121 Wis. 44, 98 N. W. 954; Beutel v. Foreman, 288 Ill. 106, 123 N. E. 270; Pecoy v. Chicago, 265 Ill. 78, 106 N. E. 435; Gibbs v. Minneapolis Fire Relief Ass'n, 125 Minn. 174, 145 N. W. 1075, Ann. Cas. 1915C, 749; Hughes v. Traeger, 264 Ill. 612, 106 N. E. 431, 433. The court also relied in part upon the Pennie-Reis case, with a portion of which it did not completely agree, and concluded that it did not militate against the rule ''generally adopted,

that pension acts do not create in their beneficiaries a vested interest in future installments of the pensions created thereby." [129 Tex. 150, 101 S. W. (2d) 1015, 112 A. L. R. 997.]

If this reasoning be sound, then it should inevitably follow that one whose name had not been placed on the retired list would in no event have acquired any vested rights. See Dodge v. Board of Education, 364 Ill. 547, 5 N. E. (2d) 84, affirmed in Supreme Court, 302 U. S. 74, 58 S. Ct. 98, 82 L. Ed. 57; In re Goodwin, 6 Cir., 57 F. (2d) 31.

A survey of the cases cited and some annotated in 112 A. L. R., supra, and prior volumes, lead to the conclusion that the fact that a pensioner has made compulsory contributions does not vest him with rights in the fund. Among them are: Bader v. Crone, 116 N. J. L. 329, 184 A. 346; Plunkett v. Board of Pension Commissioners, 113 N. J. L. 230, 173 A. 923; Lynch v. United States, 292 U. S. 571, 54 S. Ct. 840, 78 L. Ed. 1434; People ex rel. Drea v. Hanson, 330 Ill. 79, 161 N. E. 145; Lage v. Marshalltown, 212 Iowa 53, 235 N. W. 761; In re O'Donnell, 153 Misc. 480, 275 N. Y. S. 445; State ex rel. Drage v. Jones, 37 Ohio App. 413, 174 N. E. 783; Graef v. Department of Health, 131 Misc. 258, 227 N. Y. S. 82; Rohe v. City of Covington, supra. For us to hold otherwise would be to hold that appellant might have voluntarily retired after a few years service, and then demanded a return of his assessments, thus in a measure defeating the scheme.

The discussion of the question might be carried further, but since the sole argument here is that appellant's contribution (which is not in any sense voluntary, and does not create an enforceable contractual or vested right) gives him a right of which he may not be divested, we are of the opinion that the conclusive effect of the statute in question does not violate the cited provisions of the Federal or our Constitution as guarantee due process of law, hence we are compelled to affirm the lower court's judgment. In concluding, it is apparent that appellant's pleading does not place him in such position that he would be entitled to the laws' benefits.

Judgment affirmed.

The whole court sitting, except Judge Thomas, absent.