[Cite as *DeMoss v. Silver Lake*, 2019-Ohio-3165.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

GARY W. DEMOSS, et al.

    Appellants

    v.

VILLAGE OF SILVER LAKE

    Appellee

C.A. No.     28559

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV 2012-09-5141

DECISION AND JOURNAL ENTRY

Dated: August 7, 2019

HENSAL, Presiding Judge.

{¶1} Gary Demoss, Carl Harrison, and Mark Kennemuth appeal a judgment of the Summit County Court of Common Pleas that entered judgment for the Village of Silver Lake on their declaratory judgment action. For the following reasons, this Court affirms.

I.

{¶2} The facts of this case are not in dispute. In 1972, the Village enacted an ordinance to provide health care and life insurance benefits to its employees. The ordinance also provided that the Village would continue to provide those benefits to retired employees, as long as they had worked for the Village for at least 15 years at the time of their retirement. In the years that followed, Mr. Demoss, Mr. Harrison, and Mr. Kennemuth (collectively "the Employees") each began working for the Village. By the end of 1994, they had each completed 15 years of service.

{¶3} In 1995, the Village repealed the employee benefits ordinance and replaced it with a new one. The new ordinance provided that employees of the Village would be provided with health care and life insurance but did not contain a provision regarding retired employees.

{¶4} As the Employees began to retire, they filed a complaint for declaratory judgment in common pleas court, asking it to declare that the Village had to provide them with health care and life insurance following their retirement because they had satisfied the requirements for vesting under the 1972 ordinance. The case was assigned to a magistrate, who determined that the Employees did not have any vested rights under the 1972 ordinance and that the 1995 ordinance had eliminated any benefits to employees who retired after its passage. The Employees objected to the magistrate's decision. Although the trial court sustained some of their objections, it concluded that the magistrate had correctly denied the Employees' requested declaratory judgment because the 1995 ordinance cancelled any life or health insurance benefits to be paid to retirees under the 1972 ordinance.

{¶5} The Employees appealed the trial court's judgment. Upon review, this Court determined that the trial court had failed to analyze the Employees' argument that the 1995 ordinance violated the Ohio Constitution's retroactivity clause. It also determined that the trial court's judgment contained inconsistencies. On remand, the trial court determined that the 1995 ordinance did not apply retroactively and did not infringe on any of the Employees' vested rights. In particular, it concluded that the Employees could not have any vested rights under the 1972 ordinance until they both worked for the Village for 15 years and retired. It, therefore, declared that the Village does not have to pay the Employees' health care and life insurance premiums following their retirement. The Employees have appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING THAT PLAINTIFFS DID NOT HOLD A VESTED RIGHT TO THE REQUESTED HEALTH CARE BENEFITS BECAUSE THEY HAD NOT RETIRED WHILE THE 1972 ORDINANCE WAS IN EFFECT.

{¶6} The Employees argue that the trial court incorrectly concluded that the 1972 ordinance had two requirements for their rights to trigger. They argue that, under the language of the 1972 ordinance, their rights vested as soon as they completed 15 years of service. They argue that, like other pension systems, the fact that they were not entitled to receive their retirement benefits until they actually retired does not mean that they did not acquire vested rights earlier. "This Court applies a de novo standard of review to an appeal from a trial court's interpretation and application of an ordinance." *Meeker v. Akron Health Dept.*, 9th Dist. Summit No. 24539, 2009-Ohio-3560, ¶ 11; *see also Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, ¶ 13 (providing that an appellate court reviews questions of law in a declaratory judgment action de novo).

{¶7} The 1972 ordinance provided "[t]hat section 139.05 Medical Coverage and Insurance, is hereby amended and enacted to read as follows[:]"

A.  All permanent regular employees shall be provided with hospitalization, surgical, major medical and life insurance coverage in such form and under such terms as Council may periodically determine after establishing specifications therefor and after legal advertising and taking bids.

B.  Such coverage as is herein established or may be hereafter modified by Council shall also be continued for those employees retiring hereafter under PERS or Police Pension who have completed at least fifteen (15) years of service to the Village, or any retiree presently covered under the group hospitalization and medical insurance of the Village.

According to the Employees, the "retiring hereafter" language indicates that the Village knew that the health care coverage would be used by retirees in the future and set a certain length of employment to establish eligibility for that benefit. They also note that the ordinance did not have any language regarding when retirement must take place. They argue that the ordinance put any employee who worked 15 years on the same footing as those who had already retired. They also note that the retirement benefit was simply a continuation of a benefit Village employees received through the term of their employment. The Employees further argue that they relied on the Village's promise to provide them benefits when they retired.

{¶8} Initially, public retirement benefits were viewed purely as a gratuity that did not grant vested rights and that could be modified or repealed by future legislatures. *State ex rel. Drage v. Jones*, 37 Ohio App. 413, 415 (9th Dist.1930). In 1954, however, the Ohio Supreme Court held that a pensioner acquired a vested right to the installment of a pension when the installment became due. *State ex rel. Hanrahan v. Zupnik*, 161 Ohio St. 43 (1954), paragraph one of the syllabus. Shortly thereafter, it held that the General Assembly could not deny or restrict a disability retirement allowance that had already vested. *State ex rel. McLean v. Retirement Bd., Public Emps. Retirement Fund*, 161 Ohio St. 327, 330-331 (1954). In *McLean*, the Ohio Supreme Court held that an employee's right to a disability retirement allowance is "governed by the statutes in force when such member becomes eligible for and is granted such retirement * * *." *Id.* at paragraph one of the syllabus. Thus, the General Assembly could not pass legislation in 1947 to restrict compensation that the employee had begun receiving in 1945. *Id.* at 330.

{¶9} The Village's 1972 ordinance provided that the benefits provided under subsection A. would be "continued for those employees retiring hereafter[.]" Giving that

language its most natural reading, we conclude that "retiring" is one of the eligibility preconditions under subsection B. In this case, none of the Employees "retir[ed]" while the 1972 ordinance was in effect. We, therefore, conclude that the trial court correctly concluded that they did not acquire a vested right to post-retirement health care and life insurance benefits under the 1972 ordinance. The Employees' first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO ONCE AGAIN CONDUCT THE PROPER ANALYSIS WITH REGARD TO RETROACTIVE APPLICATION OF THE 1995 ORDINANCE.

{¶10} In their second assignment of error, the Employees argue that the trial court failed to follow all of this Court's remand instructions. Specifically, they argue that the trial court failed to complete both steps of the Ohio Supreme Court's retroactivity test. In the Employees' reply brief, however, they concede that the issue has been made moot by the Village's concession that it did not intend for the 1995 ordinance to act retroactively. Upon review of the record, we note that the reason the trial court did not conduct the second step of the analysis is because it determined that the Village did not intend the 1995 ordinance to be retroactive. Accordingly, we agree that this issue is moot. The Employees' second assignment of error is overruled.

III.

{¶11} The Employees' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
RICE, J.
CONCUR.

(Rice, J., of the Eleventh District Court of Appeals, sitting by assignment.)

APPEARANCES:

LARRY SHENISE, Attorney at Law, for Appellants.

JOHN T. MCLANDRICH, FRANK H. SCIALDONE, and TAMMI Z. HANNON, Attorneys at Law, for Appellee.